1  SAMUEL R. MAIZEL (Bar No. 189301)
   samuel.maizel@dentons.com
2  TANIA M. MOYRON (Bar No. 235736)
   tania.moyron@dentons.com
3  DENTONS US LLP
   601 South Figueroa Street, Suite 2500
4  Los Angeles, California 90017-5704
   Telephone:  213 623 9300
5  Facsimile:  213 623 9924

6  JOSEPH R. LAMAGNA (Bar No. 246850)
   jlamagna@health-law.com
7  DEVIN M. SENELICK (Bar No. 221478)
   dsenelick@health-law.com
8  JORDAN KEARNEY (Bar No. 305483)
   jkearney@health-law.com
9  HOOPER, LUNDY & BOOKMAN, P.C.
   101 West Broadway, Suite 1200
10 San Diego, California 92101
   Telephone:  619 744 7300
11 Facsimile:  619 230 0987

12 *Proposed Attorneys for the Chapter 11
   Debtor and Debtor In Possession*

13

14           **UNITED STATES BANKRUPTCY COURT**

15           **SOUTHERN DISTRICT OF CALIFORNIA**

16 In re                              Case No. 22-02384-LT11

17 BORREGO COMMUNITY HEALTH           Chapter 11 Case
   FOUNDATION, a California nonprofit
18 public benefit corporation,

19         Debtor and Debtor in Possession.

20 BORREGO COMMUNITY HEALTH           Adv. Pro. No. 22-90056
   FOUNDATION, a California nonprofit
21 public benefit corporation,        **EX PARTE APPLICATION
                                      SUPPLEMENTING EMERGENCY**
22                        Plaintiff,  **MOTION: (I) TO ENFORCE THE
                                      AUTOMATIC STAY PURSUANT TO**
23        v.                          **11 U.S.C. § 362; OR,
                                      ALTERNATIVELY (II) FOR**
24 CALIFORNIA DEPARTMENT OF           **TEMPORARY RESTRAINING
   HEALTH CARE SERVICES, by and       ORDER; SUPPLEMENTAL**
25 through its Director, Michelle Baass, **DECLARATION OF SAMUEL R.
                                      MAIZEL IN SUPPORT THEREOF**
26                        Defendant.
                                      Judge: Honorable Laura S. Taylor
27                                    Date: TBD
                                      Time: TBD
28                                    Place: TBD

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

122406480\V-4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

## **EX PARTE APPLICATION**

Pursuant to §§ 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code") and Local Bankruptcy Rule 9013-9, or, alternatively, Rule 65 of the Federal Rules of Bankruptcy Procedure, made applicable by 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Bankruptcy Rule 7001(7), and Local Bankruptcy Rule 7065,[1] Borrego Community Health Foundation, the debtor and debtor in possession in the above-captioned chapter 11 case and plaintiff in the above-captioned adversary proceeding (the "Debtor"), hereby supplements and renews its *Emergency Motion: (I) To Enforce The Automatic Stay Pursuant To 11 U.S.C. § 362; Or, Alternatively (II) For Temporary Restraining Order* [Docket No. 3] (the "Motion") and, for the reasons stated in the Motion and the appended *Supplemental Declaration of Samuel R. Maizel* (the "Supplemental Maizel Declaration"), seeks entry of the order attached as **Exhibit "A"** (the "Modified Order"), which Modified Order contains the same terms as in the TRO filed with the Motion, but includes additional language clarifying what specific actions the California Department of Health Care Services ("DHCS") must take to cooperate regarding the effectuation of the order.

As demonstrated in the Supplemental Maizel Declaration, the Debtor and its patients are suffering immediate and irreparable harm from acts taken by the DHCS in violation of the automatic stay imposed pursuant to § 362. The ongoing failure by the DHCS to maintain the status quo (i) violates the Court's prior instructions, (ii) is contrary to the representations of counsel for DHCS to the Court that DHCS would maintain the status quo, and (iii) is resulting in immediate and irreparable harm to the Debtor and its patients. Moreover, the harm being suffered by the Debtor and its patients far outweighs the "harm" to DHCS, which is at most having to pay for

---

[1] All references to "§" or "sections" herein are to sections of the Bankruptcy Code unless otherwise stated.

122406480\V-4

1    medical services properly provided by the Debtor to patients.

2        For the reasons stated in the Motion, the Debtor renews its request for entry of

3    a temporary restraining order.

4

5

6

7    Dated: September 28, 2022            DENTONS US LLP
                                         SAMUEL R. MAIZEL
8                                        TANIA M. MOYRON

9                                        By: */s/ Tania M. Moyron*

10                                       Proposed Attorneys for the Chapter 11
                                         Debtor and Debtor In Possession

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

122406480\V-4

2

**Exhibit "A"**
**(Proposed Order)**

**CSD 3000A** [07/01/18]
Name, Address, Telephone No. & I.D. No.

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 900017-5704
Telephone: (213) 623-9300

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

Borrego Community Health Foundation

Debtor.

BANKRUPTCY NO. 22-02384

Borrego Community Health Foundation

Plaintiff(s)

ADVERSARY NO. 22-90056

v.

California Department of Health Care Services

Defendant(s)

Date of Hearing:
Time of Hearing:
Name of Judge:  Honorable Laura S. Taylor

## ORDER ON
**Emergency Motion to (I) Enforce the Automatic Stay or (II) Alternatively for Temporary Restraining Order**

The court orders as set forth on the continuation pages attached and numbered __2__ through __2__ with

exhibits, if any, for a total of __2__ pages.  Motion/Application Docket Entry No. __3__ .

//

//

//

//

DATED: _____          _____
                                         Judge, United States Bankruptcy Court

**CSD 3000A**

CSD 3000A [07/01/18](Page 2)

ORDER ON    **Emergency Motion to (I) Enforce the Automatic Stay or (II) Alternatively for Temporary Restraining Order**

DEBTOR:    Borrego Community Health Foundation    CASE NO.:    22-02384
ADV. NO.:    22-90056

At the above referenced date, time and location, the Court held an emergency hearing on Debtor's Emergency Motion: (I) To Enforce the Automatic Stay Pursuant To 11 U.S.C. § 362, or, Alternatively, (II) for Temporary Restraining Order (the "Emergency Motion") [Adv. Docket No. 3 ] filed by Borrego Community Health Foundation (capitalized terms not otherwise defined herein have the meanings ascribed to them in the Emergency Motion), the debtor and debtor-in- possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"). Having considered the Complaint for Declaratory Judgment and Preliminary and Permanent Injunctive Relief, or in the Alternative, for Writ of Mandate, filed by the Debtor [Adv. Docket No. 1] (the "Complaint"), the declarations and evidence in support of the Motion, the supplement to the motion filed on September 28, 2022 and the Supplemental Declaration of Samuel R. Maizel attached thereto (the "Supplemental Maizel Decl." any responses or replies to the Motion, and the arguments of counsel on the record; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest and necessary to avoid immediate and irreparable harm; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances,

THE COURT RULES:

The Court rules that: (i) the California Department of Health Care Services' ("DHCS") proposed postpetition suspension of all Medi-Cal payments to the Debtor, effective September 29, 2022, is a violation of the automatic stay under §§ 362(a)(1), (3), and (6); (ii) DHCS' ongoing withholding of payments for in-house dental services is a violation of the automatic stay because it constitutes an act to take possession of property of the estate or from the estate, exercise control over property of the estate, and or to collect, assess, or recover a claim against the Debtor that arose prepetition under §§ 362(a)(3) and (6); and (iii) DHCS' communications with parties that have contracts or economic relationships with the Debtor, including health plans such as Inland Empire Health Plan ("IEHP"), or other parties doing business with the Debtor, resulting in the transfer of patients from the debtor, the refusal to assign new patients to the Debtor, or other adverse acts are violations of the automatic stay, because they constitute acts to take possession of property of the estate or from the estate, exercise control over property of the estate, and to collect, asses, or recover a claim against the Debtor that arose prepetition under §§ 362(a)(3), and (a)(6) (with each action described in this paragraph, including the Department Actions, a "DHCS Stay Violation").

The DHCS Stay Violation would cause immediate and irreparable harm to the Debtor, its estate, and thousands of patients by suspending all Medi-Cal payments and taking other related acts which would, inevitably, cause the Debtor to close its clinics and cease providing essential medical services to low income and rural patients in Southern California.

IT IS HEREBY ORDERED THAT

1.    The TRO sought in the Motion is granted.

2.    DHCS is hereby enjoined from continuing with its suspension of Medi-Cal payments..

3.    DHCS, and all those acting in active concert and participation with it, is enjoined from taking any DHCS Stay Violation.

4.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5.    DHCS shall cooperate with the Debtor to resolve any issues regarding effectuation of this Order. Specifically, and without limitation (i) DHCS shall contact and instruct, or as applicable, respond to, IEHP and other contract counterparties with the Debtor, including, but not limited to all contract counterparties that DHCS has contacted post-petition concerning the Debtor, to (a) continue to operate in the ordinary course of business while this Order is in effect, (b) release funds and make payments to the Debtor in the ordinary course of business and (c) to continue to fully honor their contracts with the Debtor, (ii) DHCS shall contact, and, as applicable respond to, health plans and instruct them not to transfer patients to other providers and to continue to assign new patients to the Debtor. DHCS shall provide a writtendeclaration by October 3, 2022 at 12:00 p.m. detailing all efforts to comply with this paragraph of the Order.

6.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## SUPPLEMENTAL DECLARATION OF SAMUEL R. MAIZEL

I, Samuel R. Maizel, hereby state and declare as follows:

1.      I am a partner in the law firm of Dentons US LLP ("Dentons"), located at 601 S. Figueroa Street #2500, Los Angeles, CA 900017, and have been duly admitted to practice law in the Commonwealth of Pennsylvania and the State of California and the United States District Court for the Southern District of California.

2.      I am one of the attorneys representing Borrego Community Health Foundation, the debtor and debtor-in-possession in the above-captioned chapter 11 case and plaintiff in this adversary proceeding (the "Debtor").  Dentons is the proposed counsel to the Debtor.

3.      I am providing this declaration to apprise the Court of certain facts relevant to the Debtor's pending *Emergency Motion: (I) To Enforce The Automatic Stay Pursuant To 11 U.S.C. § 362; Or, Alternatively (II) For Temporary Restraining Order* (the "Motion") that have occurred subsequent to the hearing on September 27, 2022 (the "Hearing"), where at the Court discussed scheduling issues related to the Motion with counsel for the California Department of Health Care Services ("DHCS"), Deputy Attorney General Kenneth Wang ("DHCS Counsel") and myself.

5.      At the Hearing, the Court gave DHCS Counsel two options regarding scheduling of a hearing on the Motion: DHCS could (i) submit an opposition to the Motion by Noon Pacific on September 28, 2022, after which the Court would take the matter under submission, or (ii) agree to maintain the status quo voluntarily through October 6, 2022, and agree to a briefing schedule so that a hearing could be held on October 5, 2022 at 2:00 p.m. (which was subsequently changed to October 6, 2022 to accommodate a Jewish holiday) (the "Scheduled Hearing Option"). My recollection is that the Court stated that maintaining the status quo included more than the pending 100% suspension of payments by DHCS, and included issues raised by me during the Hearing, including DHCS not causing block transferring of patients by health plans in response to correspondence from DHCS or causing health plans to refuse to allow the normal assignment of new patients to the Debtor by those health plans.  These issues are fully described in the Motion as well.

6.      In the Hearing, it is my recollection that DHCS Counsel agreed to maintain the status

1

122406380\V-1

quo as a condition for the Scheduled Hearing Option and stated that he would confer with his client and inform the Court by email of which option DHCS wanted to exercise. By email at 11:59 a.m. on September 28, 2022, to the Court's chambers, DHCS expressly chose the Scheduled Hearing Option.

7.　　DHCS has not taken any actions to ensure the status quo is maintained. To the contrary, DHCS has failed to act to ensure that its prior public statements and prior correspondence does not cause health plans and other entities with which the Debtor does business to, among other things, refuse to continue paying under their contracts, providing goods and services, and not transferring patients. As expressed in the Emergency Motion, DHCS's communications with third parties, among other things, impact patient care and violate the automatic stay by attempting to exercise control over property of the estate.

8.　　For example, on September 28, 2022 the Debtor received the correspondence attached hereto as **Exhibit A** from Inland Empire Health Plan where it says, among other things: "Without direction from the Bankruptcy Court, it is unclear whether the directive from the California Department of Health Care Services (DHCS) to suspend payments to Borrego Health effective September 29, 2022, and potentially transfer patients falls within its police powers as an exception to the bankruptcy stay. Due to this uncertainty, IEHP will continue to adjudicate all claims from Borrego Health, but hold monies until IEHP receives direction from the Bankruptcy Court regarding disbursement of the funds or DHCS otherwise obtains relief from the bankruptcy stay. All monies shall be made immediately available to the Bankruptcy Trustee upon determination of IEHP's duties in this situation." In other words, based on prior directive from DHCS, the Debtor's largest health plan contract counterparty was suspending payments to the Debtor immediately.

9.　　Additionally, I spoke by telephone with Dr. Nathan Rubin, the Patient Care Ombudsman ("PCO"). He stated that DHCS is already causing the transfer of patients and causing significant issues with patient care as a result. His team is currently visiting the Debtor's clinics. His team expressed great concern with regard to patient care because Inland Empire Health Plan, and possibly other plans, is reassigning patients from the Debtor to other providers, often apparently without notice to the patients, and telling the Debtor's representatives that they are doing this

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

122406380\V-1

because of instructions from DHCS.  The net result is that patients show up for appointments, and when intake tries to verify their coverage (which requires verifying that they are a patient assigned by the health plan to the Debtor) they are being told the patient is no longer assigned to the Debtor. In some cases the Doctors, unwilling to abandon longstanding patients, are treating them anyway. This is not a viable solution because (a) the Debtor will be effectively providing free care, and (b) the Doctor cannot refer the patient to a specialist, because the health plan will not accept that referral. In other cases the patients are being turned away, sometimes with no idea of where to go for medical care or having been reassigned to a doctor too far away for them to get there.

10.     Additionally, it is clear that DHCS has previously instructed health plans that they are prohibited from reimbursing the Debtors for services effective September 29, 2022, and requiring them to provide detailed plans for block transferring patients to other providers.  See Email dated August 19, 2022 from DHCS to Blue Shield of California Promise Health Plan, attached hereto as **Exhibit B**.  As a result of this correspondence, health plans are taking action to comply with DHCS's instructions, and attempting to terminate their contracts with the Debtor.   See correspondence from Blue Shield to the Debtor, attached hereto as **Exhibit C.**

11.     I have spoken several times by telephone today, September 28, 2022, with DHCS Counsel about these continuing violations of both the automatic stay and his assurances to the Court at the Hearing that DHCS would maintain the status quo if it chose the Scheduled Hearing Option. I have also corresponded by email with DHCS Counsel regarding these issues; a copy of those emails is attached hereto as **Exhibit D**.

12.     DHCS Counsel responded to these emails and telephone calls by email on September 28, 2022, a copy of which is attached hereto as **Exhibit E**.  The response includes confidential correspondence to only the Debtor, and no example of any correspondence to other parties such as health plans already operating under prior instructions from DHCS. Neither the email nor the confidential correspondence makes any reference to maintaining the status quo and merely states that the payment suspension is stayed from September 29, 2022 to October 6, 2022.

13.     Finally, on September 28, 2022, I received an email from the PCO (attached hereto as **Exhibit F**) reiterating his concerns about the serious impact of IEHP transferring patients to other

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

3

122406380\V-1

providers.

14.    Given the absence of any affirmative response from DHCS that it will adhere to its agreement to maintain the status quo, the prior correspondence to health plans directing, among other things, suspension of payments and preparation for block transfers of patients, and the ongoing violations of the automatic stay, I am filing this Declaration to inform the Court that DHCS does not appear to be complying with the Court's condition for acceptance of the Scheduled Hearing Option.  Therefore, I am renewing the Debtor's request that the Court enter a Temporary Restraining Order.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 28th day of September 2022, at Los Angeles, California.

_____
Samuel R. Maizel

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

122406380\V-1

# EXHIBIT A



September 28, 2022

**<u>VIA EMAIL AND REGULAR MAIL</u>**

Douglas Habig, Chief Legal Officer
Borrego Community Health Foundation
P.O. Box 2369
Borrego Springs, CA 92004
dhabig@borregohealth.org

Dear Mr. Habig:

We are in receipt of Rose MacIsaac's September 23, 2022, letter regarding Borrego Health Community Foundation's (Borrego Health) bankruptcy status.

Without direction from the Bankruptcy Court, it is unclear whether the directive from the California Department of Health Care Services (DHCS) to suspend payments to Borrego Health effective September 29, 2022, and potentially transfer patients falls within its police powers as an exception to the bankruptcy stay.   Due to this uncertainty, IEHP will continue to adjudicate all claims from Borrego Health, but hold monies until IEHP receives direction from the Bankruptcy Court regarding disbursement of the funds or DHCS otherwise obtains relief from the bankruptcy stay. All monies shall be made immediately available to the Bankruptcy Trustee upon determination of IEHP's duties in this situation.

Our intent is to ensure that IEHP remains in compliance with its regulatory obligations and honor the parties' contract.  I welcome the opportunity to meet and discuss this matter with you at your convenience.

Sincerely,

Anna Wang
General Counsel

cc:    Rose MacIsaac, CEO Borrego Community Health Foundation (rmacisaac@borregohealth.org)
       Susan Philip, Department of Healthcare Services (susan.philip@dhcs.ca.gov)
       Bambi Cisneros, Department of Healthcare Services (bambi.cisneros@dhcs.ca.gov)
       Dana Durham, Department of Healthcare Services (dana.durham@dhcs.ca.gov)
       Oksana Meyer, Department of Healthcare Services (oksana.meyer@dhcs.ca.gov)
       Stuart Busby, Department of Healthcare Services (stuart.busby@dhcs.ca.gov)
       Bruce Lim, Department of Healthcare Services (bruce.lim@dhcs.ca.gov)

P.O. Box 1800, Rancho Cucamonga, CA  91729-1800
10801 Sixth Street, Suite 120, Rancho Cucamonga CA, 91730
(909) 890-2000  Fax: (909) 890-2003
Visit our web site at: www.iehp.org

A Public Entity

# EXHIBIT B

**From:** DHCS MCQMD <MCQMD@dhcs.ca.gov>
**Sent:** Friday, August 19, 2022 4:03 PM
**Subject:** Action Needed: Borrego Payment Suspension Transition Plan
**Importance:** High

Dear Blue Shield of California Promise Health Plan,

Borrego Community Health Foundation (Borrego) remains under investigation for credible allegations of fraud against the Medi-Cal program. The Department of Health Care Services (DHCS) placed all National Provider Identifiers (NPI) associated with Borrego under a partial payment suspension for rendered Medi-Cal dental services, effective January 27, 2021. DHCS is now reimposing a full payment suspension of all NPIs associated with Borrego effective September 29, 2022, to allow time for DHCS to work with the MCPs to establish a transition plan (Welfare & Institutions Code section 14107.11; 42 Code of Federal Regulations section 455.23). At which point the plan will no longer to be able to reimburse Borrego on claims dated on or after September 29, 2022.

Borrego's NPI(S) include: 1134144165, 1689741175, 1154480069, 1619036514, 1255490819, 1700946969, 1730249947, 1649330853, 1023349883, 1275849283, 1790075315, 1306131545, 1568747137, 1275809006, 1184065088, 1407288061, 1942623657, 1386069995, 1598180101, 1053717280, 1780038042, 1659824837, 1699211151, 1386180404, 1093251910, 1548795453, 1497276315, 1457873259, 1558925016, 1184267825, 1437795838, 1336789890, 1861032328, 1558901959, 1255971651, 1033759311, 1104466507, 1275173676, 1730712183, 1649892761, 1558987206, 1962830174, 1184674830, 1265721856, 1427268747, 1437232337, 1235189978, 1548210297, 1639129372, 1700938891,  1952351686.

This email serves as formal notice that effective September 29, 2022, Blue Shield of California Promise Health Plan is prohibited from reimbursing Borrego for any services provided to Medi-Cal members. To the extent that Borrego submits claims for reimbursement, you may adjudicate those claims, but must withhold payment for all approved claims until further notice from DHCS. Please immediately instruct all of your subcontractors and network providers (collectively, "delegates") who contract with Borrego that they are also prohibited from reimbursing Borrego for any services provided to Medi-Cal members.

Blue Shield of California Promise Health Plan and its delegates must ensure that any prepaid capitation arrangements do not conflict with this reimbursement prohibition and are consistent with state and federal requirements. Blue Shield of California Promise Health Plan and its delegates must take all necessary steps to ensure that its members continue to receive timely access to medically necessary care.

To identify and assess the potential impact of the full payment suspension on Blue Shield of California Promise Health Plan's provider network, as well as any members who are assigned to one or more Borrego clinics, DHCS requires that Blue Shield of

California Promise Health Plan submit a proposed transition plan to its contract manager and the MCQMD@dhcs.ca.gov inbox no later than **September 9, 2022**.

The proposed transition plan must include the following:

- The total number of members currently assigned to any Borrego clinic broken out by clinic.
- A description of how the full payment suspension and a potential contract termination could affect members' access to covered services.
- The number of Borrego members who could be assigned to a new primary care provider (PCP) who is within time or distance standards through reassignment with another provider.
- The number of Borrego members who could not be assigned to a new PCP within the time or distance standards. If the MCP will no longer meet time or distance standards, it must submit alternative access standard requests.
- The number of Borrego members receiving specialty care and/or non-specialty mental health care who could not be assigned to a new provider within the time or distance standards. If the MCP will no longer meet time or distance standards, it must submit alternative access standard requests.
- Identify local options to leverage/take over Borrego's infrastructure to minimize impact on members.
- Blue Shield of California Promise Health Plan's current process for monitoring Borrego after DHCS notified Blue Shield of California Promise Health Plan of concerns with Borrego in 2020.
- Blue Shield of California Promise Health Plan's plan to monitor and oversee a potential transition of members on an ongoing basis. The monitoring plan must include:
    - o How Blue Shield of California Promise Health Plan would ensure that referrals and authorizations are transferred and processed timely.
    - o How Blue Shield of California Promise Health Plan would ensure that grievances and appeals for Borrego members are captured and processed timely.
    - o How Blue Shield of California Promise Health Plan would ensure timely access to services if Borrego members are transitioned.

If Blue Shield of California Promise Health Plan is a Knox-Keene licensed MCP, it must coordinate with the Department of Managed Health Care (DMHC) if a potential contract termination would necessitate a Block Transfer Filing (BTF). DHCS will coordinate with DMHC to review any documents submitted as a result of any potential contract termination. Please submit any questions you may have regarding BTFs to BlockTransfers@dmhc.ca.gov.

DHCS appreciates your timely submission of a transition plan to ensure that affected members do not lose access to medically necessary covered services.

If you have any questions, please contact MCQMD@dhcs.ca.gov.

Thank you,

Managed Care Quality Monitoring Division
Department of Health Care Services

# EXHIBIT C



Blue Shield of California Promise Health Plan
601 Potrero Grande Drive, Monterey Park, CA 91755

September 9, 2022~~September 1, 2022~~

**SENT VIA ELECTRONIC EMIAL**

Borrego Community Health Foundation
P.O. Box 2369
Borrego Springs, CA 92004
Attn:  Administrator

Re:  Termination of the Physician Services Agreement ("Agreement") between Blue Shield of California Promise Health Plan Health Plan ("Blue Shield Promise") and Borrego Community Health Foundation ("Clinic").

Dear Administrator,

Pursuant to the notice from Department of Health Care Services dated August 19, 2022, this is to provide you with immediate notice, as required in section 14.4 of this Agreement, that the Agreement between Blue Shield Promise and Borrego Community Health Foundation will terminate effective September 29, 2022.

Please note provisions of the Agreement applicable to a termination and certain provisions that survive a termination.  Please note the requirements in the Agreement that require Borrego to continue to provide continuity of care and  safeguard the privacy and security of Blue Shield Promise member information.  Please be advised of your continued obligation to provide medical and other records relating to services under the Agreement including encounter data, claims, and supplemental data.

Should you have any questions, please feel free to contact Janeen Higbee, Provider Contract Specialist Senior at Janeen.Higbee@blueshieldca.com.

Blue Shield of California Promise Health Plan values the cooperation provided by your medical group and its staff during our association.

Sincerely,

Tory Vazquez
Director of Contracting

Cc:  file

Blue Shield of California Promise Health Plan is an independent licensee of the Blue Shield Association    A51247-CMS (9/18)



Attachment: Department of Health Care Services-Notice of Payment Suspension Welfare and Institutions Code Section 14107.11- Borrego Community Health Foundation-Effective September 29, 2022

# EXHIBIT D

**From:** Maizel, Samuel R.
**Sent:** Wednesday, September 28, 2022 12:45 PM
**To:** Kenneth Wang <Kenneth.Wang@doj.ca.gov>
**Cc:** Tania M. Moyron (tania.moyron@dentons.com) <tania.moyron@dentons.com>; Doug Habig <dhabig@borregohealth.org>; 'David B. Golubchik' <DBG@lnbyg.com>; 'nathan rubin' <jnrubinmd@yahoo.com>
**Subject:** RE: Borrego Community Health Foundation/ongoing violations of the automatic stay

Ken,

I just finished a telephone call with Dr. Nathan Rubin, the Patient Care Ombudsman in the Borrego Community Health Foundation case. He was adamant that "the state" is already causing the transfer of patients and causing significant issues with patient care as a result.  His team is currently visiting the Debtor's clinics.  His team expressed great concern with regard to patient care because Inland Empire Health Plan, and possibly other plans, is reassigning patients from the Debtor to other providers, often apparently without notice to the patients, and telling the Debtor's representatives that they have to do this because of instructions from DHCS.  The net result is that patients show up for appointments, and when intake tries to verify their coverage (which requires verifying that they are a patient assigned by the Health Plan to the Debtor) they are being told the patient is no longer assigned to the Debtor.  In some cases the Doctors, unwilling to abandon longstanding patients, are treating them anyway.  This is not a real solution because (a) the Debtor will be providing free care effectively, and (b) the Doctor cannot refer the patient to a specialist, because the Health Plan will

1

not accept that referral.  In other cases the patients are being turned away, either with no idea of where to go or being reassigned to a doctor too far away for them to get there.

We need to know how DCHS intends to correct this situation immediately.  Alternatively, we will be forced to inform the Court that DHCS is not adhering to its agreement to voluntarily maintain the status quo, and ask for the issuance of a TRO.  If you want to hear this directly from the PCO himself, I can arrange a conference call for this afternoon.

Sam

**大成 DENTONS**    Samuel R. Maizel
Chair, Distressed Health Care

What's Next? The answer is Talent. With more than 20,000 people, 12,000 lawyers and 200 locations, Dentons has the talent for what you need, where you need it.

D +1 213 892 2910    |    US Internal 32910
samuel.maizel@dentons.com
Bio  |  Website

Dentons US LLP

LuatViet > Fernanda Lopes & Associados > Guevara & Gutierrez > Paz Horowitz Abogados > Sirote > Adepetun Caxton-Martins Agbor & Segun > Davis Brown > East African Law Chambers > Eric Silwamba, Jalasi and Linyama > Durham Jones & Pinegar > LEAD Advogados > For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

---

**From:** Maizel, Samuel R.
**Sent:** Wednesday, September 28, 2022 12:12 PM
**To:** Kenneth Wang <Kenneth.Wang@doj.ca.gov>
**Cc:** Tania M. Moyron (tania.moyron@dentons.com) <tania.moyron@dentons.com>; Doug Habig <dhabig@borregohealth.org>
**Subject:** FW: Borrego Community Health Foundation/ongoing violations of the automatic stay

Ken,

As we discussed this morning, maintenance of the "status quo" cannot mean merely that the suspension of payments does not go into effect while DCHS's public statements and prior correspondence causes health plans and other entities with which the Debtor does business to refuse to continue paying under their contracts, providing goods and services, etc.  I mentioned this morning that the Patient Care Ombudsman, during clinic visits yesterday, had expressed concern about DHCS interfering with the ability of the Debtor's clinics to provide care.  As we expressed in the Emergency Motion, such communications with third parties violate the automatic stay by attempting to exercise control over property of the estate.  Now my client received the attached correspondence from Inland Empire Health Plan where they say:

*Without direction from the Bankruptcy Court, it is unclear whether the directive from the California Department of Health Care Services (DHCS) to suspend payments to Borrego Health effective September 29, 2022, and potentially transfer patients falls within its police powers as an exception to the bankruptcy stay.* **Due to this uncertainty, IEHP will continue to adjudicate all claims from Borrego Health, but hold monies until IEHP receives direction from the Bankruptcy Court**

*regarding disbursement of the funds or DHCS otherwise obtains relief from the bankruptcy stay.* All monies shall be made immediately available to the Bankruptcy Trustee upon determination of IEHP's duties in this situation.

Obviously, we want to work cooperatively with DHCS going forward but we will not be able to do that unless, at a minimum, DHCS communicates clearly and immediately to all parties in interest that they must continue to do business with the Debtor as before the letter regarding the suspension was sent.  Absent a commitment to that, the Debtor will be compelled to seek relief from the Bankruptcy Court immediately.


大成 **DENTONS**    **Samuel R. Maizel**
Chair, Distressed Health Care

What's Next? The answer is Talent. With more than 20,000 people, 12,000 lawyers and 200 locations, Dentons has the talent for what you need, where you need it.

D +1 213 892 2910   |   US Internal 32910
samuel.maizel@dentons.com
Bio   |   Website

Dentons US LLP

LuatViet > Fernanda Lopes & Associados > Guevara & Gutierrez > Paz Horowitz Abogados > Sirote > Adepetun Caxton-Martins Agbor & Segun > Davis Brown > East African Law Chambers > Eric Silwamba, Jalasi and Linyama > Durham Jones & Pinegar > LEAD Advogados > For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

# EXHIBIT E

**From:** Kenneth Wang <Kenneth.Wang@doj.ca.gov>
**Sent:** Wednesday, September 28, 2022 5:51 PM
**To:** Maizel, Samuel R. <samuel.maizel@dentons.com>; Moyron, Tania M. <tania.moyron@dentons.com>
**Subject:** Borrego TRO

**[WARNING: EXTERNAL SENDER]**

Sam,

I am unclear about your allegation that the Department has failed to maintain the status quo.  As you can tell from the attached letter, the Department never instructed/directed the plans to terminate their contacts with Borrego.  Further, because of the one-week extension, the Department is informing the plans that the temporary suspension will not go into effect until October 6.

Sincerely,

Ken

Kenneth K. Wang
Deputy Attorney General
Office of the Attorney General
300 S. Spring Street, No. 1702
Los Angeles, CA 90013
Tel: 213-269-6217
Fax: 916-731-2125

---

**From:** Maizel, Samuel R. <samuel.maizel@dentons.com>
**Sent:** Wednesday, September 28, 2022 5:12 PM
**To:** Kenneth Wang <Kenneth.Wang@doj.ca.gov>; Moyron, Tania M. <tania.moyron@dentons.com>
**Cc:** Doug Habig <dhabig@borregohealth.org>
**Subject:** RE: Borrego TRO

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ken,

I want to be clear why your correspondence is insufficient. Your agreement with the Court was that your client would maintain the status quo. Based on prior instructions from DHCS to the plans, they are already taking actions. Assuming your client is telling the plans that the 100% suspension is stayed for a week as you represent, that still falls far short of "maintaining the status quo" and is inconsistent with your representations to the Court, at least in my opinion.

Sam

**大成 DENTONS**

**Samuel R. Maizel**
Chair, Distressed Health Care

What's Next? The answer is Talent. With more than 20,000 people, 12,000 lawyers and 200 locations, Dentons has the talent for what you need, where you need it.

D +1 213 892 2910   |   US Internal 32910
samuel.maizel@dentons.com
Bio   |   Website

Dentons US LLP

LuatViet > Fernanda Lopes & Associados > Guevara & Gutierrez > Paz Horowitz Abogados > Sirote > Adepetun Caxton-Martins Agbor & Segun > Davis Brown > East African Law Chambers > Eric Silwamba, Jalasi and Linyama > Durham Jones & Pinegar > LEAD Advogados > For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

---

**From:** Maizel, Samuel R.
**Sent:** Wednesday, September 28, 2022 4:54 PM
**To:** 'Kenneth Wang' <Kenneth.Wang@doj.ca.gov>; Moyron, Tania M. <tania.moyron@dentons.com>

**Cc:** Doug Habig <dhabig@borregohealth.org>
**Subject:** RE:

Ken,

Thanks for this correspondence, but a letter to the Debtor does nothing to address the prior correspondence to health plans, etc. which is causing all the problems.  Telling the Debtor that the suspension is stayed does nothing to stop all the health plans from acting based on DHCS's prior correspondence, and so does nothing to maintain the status quo.  I have provided you with documents, and oral reports from the PCO as to the issues being created by DHCS prior instructions, and this does nothing to address those issues.

Sam

**DENTONS** ▶

Samuel R. Maizel
Chair, Distressed Health Care

What's Next? The answer is Talent. With more than 20,000 people, 12,000 lawyers and 200 locations, Dentons has the talent for what you need, where you need it.

D +1 213 892 2910   |   US Internal 32910
samuel.maizel@dentons.com
Bio   |   Website

Dentons US LLP

LuatViet > Fernanda Lopes & Associados > Guevara & Gutierrez > Paz Horowitz Abogados > Sirote > Adepetun Caxton-Martins Agbor & Segun > Davis Brown > East African Law Chambers > Eric Silwamba, Jalasi and Linyama > Durham Jones & Pinegar > LEAD Advogados > For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

**From:** Kenneth Wang <Kenneth.Wang@doj.ca.gov>
**Sent:** Wednesday, September 28, 2022 4:48 PM
**To:** Maizel, Samuel R. <samuel.maizel@dentons.com>; Moyron, Tania M. <tania.moyron@dentons.com>
**Subject:**

**[WARNING: EXTERNAL SENDER]**

Sam,

I have conferred with the Department.  Your request for relief will be unwarranted.  The Department is informing the plans that the Department has extended the effective date of the 100-percent payment suspension to Borrego Community Health Foundation (Borrego) from September 29, 2022 to October 6, 2022 under the NPIs previously communicated to the Plan on August 19 and September 9, 2022. The operational date of this 100-percent payment suspension, therefore, is now **October 6, 2022**.  The Department stated pursuant to APL 21-003, the Department continues to not mandate provider contract terminations.

I believe this addresses your concern.

Sincerely,

Ken

Kenneth K. Wang
Deputy Attorney General
Office of the Attorney General
300 S. Spring Street, No. 1702
Los Angeles, CA 90013
Tel: 213-269-6217
Fax: 916-731-2125

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT F

**From:** David B. Golubchik <DBG@lnbyg.com>
**Sent:** Wednesday, September 28, 2022 6:22 PM
**To:** Maizel, Samuel R. <samuel.maizel@dentons.com>; Kenneth Wang <Kenneth.Wang@doj.ca.gov>
**Cc:** Moyron, Tania M. <tania.moyron@dentons.com>; Doug Habig <dhabig@borregohealth.org>; nathan rubin <jnrubinmd@yahoo.com>; Krikor J. Meshefejian <KJM@lnbyg.com>
**Subject:** RE: Borrego Community Health Foundation/ongoing violations of the automatic stay

**[WARNING: EXTERNAL SENDER]**

Counsel,

This firm is proposed counsel to the PCO.  As you may know, the PCO and his consultant, have spent yesterday and today visiting the various facilities.  I just received a call from them that was rather alarming and feel its necessary to share with you.  Based on their personal visits, they have learned that IEHP has been transferring patients (including now) to other provides and/or hospitals without notice to, or knowledge of, such patients.  These patients are in urgent need of medication and healthcare, but are not able to receive it.  These other providers and hospitals may be as far as 1.5-2 hours away and, as a result, patients do not have the means to obtain transport themselves to the new providers.

For example, Desert Regional Medical Center, which is the primary source for deliveries for pregnant women, has been changed to providers that are 1.5-2 hours away.  These pregnant women simply cannot make these changes without serious risk to their health and that of their unborn children.

It is important to note that the PCO reached the foregoing conclusions not by hearsay or comments from third parties, but actual review of patient cards.

This is a very serious issue at this time.  I understand that you and the Debtor are discussing the issues and may be scheduling meetings.  However, the PCO is the "boots on the ground" at this time who is witnessing serious deficiencies in patient care that may lead to something very serious and life threatening.  As the PCO appointed in this case, he wanted me to bring this to everyone's attention as soon as possible.  If anyone would like to discuss any of these issues with the PCO, Dr. Nathan Rubin is copied with this email.

**DAVID B. GOLUBCHIK,** Esq.
**LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
2818 La Cienega Ave.  **|**  Los Angeles, CA  90034
Phone  310 229 1234  **|**  Direct  310 229 3393  **|**  Cell 310 490 0330
dbg@lnbyg.com  **|**  **www.lnbyg.com**