Rob Bonta
Attorney General of California
Richard T. Waldow
Supervising Deputy Attorney General
Grant Lien
Kenneth K. Wang
Deputy Attorney General
State Bar No. 201823
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013-1230
 Telephone: (213) 269-6217
 Fax: (916) 731-2125
 E-mail: Kenneth.Wang@doj.ca.gov
*Attorneys for Creditor/Defendant
California Department of Health Care
Services*

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit foundation,<br><br>Debtor and Debtor in Possession.<br><br>BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, by and through its Director, Michelle Baass,<br><br>Defendant. | Case No. 22-90056-LT<br><br>**CREDITOR CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES' OBJECTIONS AND MOTIONS TO STRIKE SUPPLEMENT DECLARATION OF SAMUEL R. MAIZEL IN SUPPORT OF DEBTOR'S EX PARTE APPLICATION**<br><br>Dept.:         Courtroom: Dept. 3<br>Judge:         Hon. Laura S. Taylor |

1

## INTRODUCTION

Defendant California Department of Health Care Services (DHCS) objects to and moves to strike the following portions of the Supplemental Declaration of Samuel R. Maizel ("Mr. Maizel") in support of Debtor's Ex Parte Application ("Declaration"), Dkt. 10.

**Paragraph 7** – The Department objects to, and moves to strike, Paragraph 7 of the Declaration on the grounds that: (1) it lacks foundation; (2) Mr. Maizel lacks personal knowledge; (3) it is premised on hearsay statements; and (4) it is speculative. Mr. Maizel's statements regarding DHCS's alleged failure to maintain the "status quo" lacks foundation and personal knowledge under Federal Rules of Evidence, Rule 602. Under Rule 602, if the witness makes a statement of fact, there must be a statement as to the source of the witness' knowledge of the fact or some other indicator that the witness has personal knowledge of the fact. Mr. Maizel's statements in Paragraph 7 are unsupported by the required showing that he has personal knowledge of the alleged failure on the Department's part to take steps and measures taken by the Department with regard to maintaining the "status quo" as it relates to the payment suspension. Accordingly, any claim by him in that regard is speculative and premised upon inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence. The statements in Paragraph 7 are inadmissible and should be stricken.

**Paragraph 8** – DHCS objects to, and moves to strike, Paragraph 8 on the grounds that: 1) it lacks foundation; (2) it is speculative; and (3) Mr. Maizel lacks personal knowledge. Under Rule 602, if the witness makes a statement of fact, there must be a statement as to the source of the witness's knowledge of the fact or some other indicator that the witness has personal knowledge of the fact. Mr. Maizel claims that Inland Empire Health Plan (IEHP) is imposing the payment suspension effective September 29, 2022, "immediately," and "based on prior directives from DHCS." These statements are unsupported by evidence, as required

**DEFENDANT CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES'S OBJECTIONS AND MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF SAMUEL R. MAIZEL (22-02384)**

by Rule 602.  Specifically, there is no evidence showing that Mr. Maizel has any personal knowledge of IEHP "suspending payments to the Debtor immediately" "based on prior directive form DHCS."  Therefore, the statements in Paragraph 8 are inadmissible and should be stricken.

**Paragraph 9** – DHCS objects to, and moves to strike, Paragraph 9 because the entire paragraph is premised upon impermissible hearsay statements under Rules 801 and 802 of the Federal Rules of Evidence.  DHCS also objects and moves to strike Paragraph 9 because it lacks foundation and personal knowledge and is based upon conjecture and speculation.  The statements in Paragraph 9 are inadmissible and should be stricken.

**Paragraph 10** - DHCS objects to, and moves to strike, Paragraph 10, because it is an inaccurate and wholly unsupported statement of the facts and is based upon an inaccurate characterization and misunderstanding of the Department's duty and responsibilities with regard to the payment suspension and its duties and responsibilities to maintain the "status quo" with regard to the payment suspension. Additionally, DHCS objects and moves to strike Paragraph 10 because it lacks foundation and personal knowledge and is based upon conjecture and speculation. The statements in Paragraph 10 are inadmissible and should be stricken.

**Paragraph 12** – DHCS objects to, and moves to strike, Paragraph 12, because it is an inaccurate statement of the facts and is based upon an inaccurate characterization and misunderstanding of the Department's duty and responsibilities to maintain the "status quo" with regard to the payment suspension.  DHCS objects and moves to strike Paragraph 12 because it is based upon conjecture and speculation.  The statements in Paragraph 12 are inadmissible and should be stricken.

**Paragraph 13 and Exhibit F**– DHCS objects to, and moves to strike, Paragraph 13 and Exhibit F, because the entire paragraph and the email in Exhibit F

3

are premised upon impermissible hearsay statements under Rules 801 and 802 of the Federal Rules of Evidence.  Additionally, the statements made by David Golubchik in Exhibit F lacks foundation and personal knowledge are based upon conjecture and speculation.  The statements in Paragraph 13 are inadmissible and should be stricken, and Exhibit F should not be admitted into evidence.

**Paragraph 14** – Incorporating the Department's objections and motions to strike the preceding Paragraphs 1 – 13, the Department objects to, and moves to, strike Paragraph 14 of the Declaration on the grounds that: (1) it lacks foundation; (2) Mr. Maizel lacks personal knowledge; (3) it is based upon conjecture and speculation; and (4) it is based upon impermissible hearsay statements.  The statements in Paragraph 14 are inadmissible and should be stricken.

## CONCLUSION

Based upon the foregoing grounds, DHCS objects to and moves to strike Paragraphs 7, 8, 9, 10, 12, 13, and 14.

Dated:  September 29, 2022                                    Respectfully submitted,

ROB BONTA
Attorney General of California
RICHARD T. WALDOW
Supervising Deputy Attorney General

*/s/ Kenneth Wang*

KENNETH K. WANG
GRANT LIEN
Deputy Attorneys General
*Attorneys for Defendant*
*California Department of Health Care Services*

LA2022602345

4

**DEFENDANT CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES'S OBJECTIONS AND MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF SAMUEL R. MAIZEL (22-02384)**