1   ROB BONTA
    Attorney General of California
2   RICHARD T. WALDOW
    Supervising Deputy Attorney General
3   KENNETH K. WANG
    Deputy Attorney General
4   State Bar No. 201823
      300 South Spring Street, Suite 1702
5     Los Angeles, CA 90013-1230
      Telephone:  (213) 269-6217
6     Fax:  (916) 731-2125
      E-mail:  Kenneth.Wang@doj.ca.gov
7   *Attorneys for Defendant California*
    *Department of Health Care Services*
8

9                   UNITED STATES BANKRUPTCY COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12

13  | In re | Case No. 22-90056-LT |

14  BORREGO COMMUNITY HEALTH          **DEFENDANT CALIFORNIA**
    FOUNDATION, a California nonprofit  **DEPARTMENT OF HEALTH**
15  public benefit foundation,          **CARE SERVICES'S FILING OF**
                                        **THE LETTERS TO THE**
16         Debtor and Debtor in Possession.  **HEALTH PLAN ENTITIES**

17

18

19  BORREGO COMMUNITY HEALTH          Date:        October 6, 2022
    FOUNDATION, a California nonprofit  Time:        2:00 p.m.
20  public benefit corporation,         Dept.:       Dept. 3
                                        Judge:       Hon. Laura S. Taylor
21         Plaintiff,

22  v.

23
    CALIFORNIA DEPARTMENT OF
24  HEALTH CARE SERVICES, by and
    through its Director, Michelle Baass,
25
           Defendant.
26

27

28

1

1    Attached as Exhibit A is a true and correct copy of the clarifying letter that

2  was sent by California Department of Health Care Services ("Department") to the

3  health plan entities.  The same letter was emailed by the Department to all eight

4  Health Plan entities.

5    Attached as Exhibit B is a true and correct copy of the clarifying letter

6  attaching the Court's order that will be emailed to the health plan entities on

7  October 1, 2022.

8

9  Dated:  September 29, 2022              Respectfully submitted,

10                                         ROB BONTA
                                           Attorney General of California
11                                         RICHARD T. WALDOW
                                           Supervising Deputy Attorney General
12

13

14

15                                         KENNETH K. WANG
                                           Deputy Attorney General
16                                         *Attorneys for Defendant*
                                           *California Department of Health Care*
17                                         *Services*

18

19

20

21

22

23

24

25

26

27

28

2

EXHIBIT A

| **From:** | DHCS MCQMD <MCQMD@dhcs.ca.gov> |
|---|---|
| **Sent:** | Friday, September 30, 2022 4:48 PM |
| **To:** | DHCS MCQMD; Erika Oduro; complianceregulatoryaffairs@iehp.org |
| **Cc:** | Jarrod McNaughton; jlopez@lhpc.org; Linnea Koopmans |
| **Subject:** | RE: --URGENT – Action Needed: Borrego 100-Percent Payment Suspension – Extension of Effective Date to 10/6/22 |

Dear Plan Partner:

The Department of Health Care Services ("DHCS") today participated in a hearing (the "Hearing") in case entitled ***Borrego Community Health Foundation v. California Department of Health Care Services, Adversary Proceeding 22-90056*** (the "Adversary Proceeding") in the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court").

**Based on rulings from the Bankruptcy Court, DHCS has been instructed to:**

- **Extend the effective date of the 100% temporary payment suspension issued to Borrego Community Health Foundation ("Borrego"), pending entry of a further order from the Bankruptcy Court;**
- **Direct that Medi-Cal enrollees that have been reassigned, on or after September 12, 2022, by Managed Care Plans ("MCP") having provider contracts with Borrego for reasons related to the issuance of the temporary payment suspension should be reassigned to Borrego,**
- **Direct that MCPs having provider contracts with Borrego not (i) assign Medi-Cal enrollees to other providers, (ii) refuse to assign Medi-Cal enrollees to Borrego, (iii) terminate contracts with Borrego, or (iv) stop payments (other than for dental claims, which remain subject to a payment suspension) with regard to Borrego, unless the actions were taken for reasons unrelated to the issuance of the payment suspension;**
- **To the extent any Medi-Cal enrollees have been assigned to another provider for reasons unrelated to the payment suspension, immediate notice should be provided to the patient in the language that the patient can understand that reassignment is reversed and the patient may return to Borrego facilities for treatment; and**
- **Reiterate that Borrego remains an active Medi-Cal provider.**

At the Hearing, the Bankruptcy Court expressed concerns that MCP that have "transferred lives" or taken other actions adverse to Borrego may have violated the automatic stay imposed by the Bankruptcy Code and may subject the MCP to sanctions, including attorneys' fees incurred by Borrego's estate.  Plans should consult with appropriate advisors regarding their actions related to Borrego.

Please direct any questions regarding these actions to MCQMD@dhcs.ca.gov.

Thank you,
Managed Care Quality Monitoring Division
Department of Health Care Services

EXHIBIT B

Dear Plan Partner:

The Department of Health Care Services ("DHCS") today participated in a hearing (the "Hearing") in case entitled ***Borrego Community Health Foundation v. California Department of Health Care Services, Adversary Proceeding 22-90056*** (the "Adversary Proceeding") in the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court").

**Based on rulings from the Bankruptcy Court, DHCS has been instructed to:**

- **Extend the effective date of the 100% temporary payment suspension issued to Borrego Community Health Foundation ("Borrego"), pending entry of a further order from the Bankruptcy Court;**
- **Direct that Medi-Cal enrollees that have been reassigned, on or after September 12, 2022, by Managed Care Plans ("MCP") having provider contracts with Borrego for reasons related to the issuance of the temporary payment suspension should be reassigned to Borrego,**
- **Direct that MCPs having provider contracts with Borrego** <u>**not**</u> **(i) assign Medi-Cal enrollees to other providers, (ii) refuse to assign Medi-Cal enrollees to Borrego, (iii) terminate contracts with Borrego, or (iv) stop payments (other than for dental claims, which remain subject to a payment suspension) with regard to Borrego, unless the actions were taken for reasons unrelated to the issuance of the payment suspension;**
- **To the extent any Medi-Cal enrollees have been assigned to another provider for reasons unrelated to the payment suspension, immediate notice should be provided to the patient in the language that the patient can understand that reassignment is reversed and the patient may return to Borrego facilities for treatment; and**
- **Reiterate that Borrego remains an active Medi-Cal provider.**

At the Hearing, the Bankruptcy Court expressed concerns that MCP that have "transferred lives" or taken other actions adverse to Borrego may have violated the automatic stay imposed by the Bankruptcy Code and may subject the MCP to sanctions, including attorneys' fees incurred by Borrego's estate. Plans should consult with appropriate advisors regarding their actions related to Borrego. A copy of the order issued by the Bankruptcy Court is enclosed herein.

Please direct any questions regarding these actions to MCQMD@dhcs.ca.gov.

Thank you,
Managed Care Quality Monitoring Division
Department of Health Care Services



**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In re:<br><br>BORREGO COMMUNITY HEALTH<br>FOUNDATION, A CALIFORNIA NONPROFIT PUBLIC<br>BENEFIT CORPORATION<br><br>Debtor. | BANKRUPTCY NO.   22-02384-LT11 |
| BORREGO COMMUNITY HEALTH<br>FOUNDATION, A CALIFORNIA NONPROFIT PUBLIC<br>Plaintiff. | ADVERSARY NO.   22-90056-LT |
| v.<br><br>CALIFORNIA DEPARTMENT OF HEALTH CARE<br>SERVICES, BY AND THROUGH ITS DIRECTOR, MICHELLE BAAS<br>Defendant. | Date of Hearing: September 30, 2022<br>Time of Hearing: 11:00 a.m.<br>Name of Judge: Laura S. Taylor |

**ORDER RE THE ISSUANCE OF A CLARIFYING LETTER BY THE CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES TO HEALTH PLANS CONTRACTING WITH DEBTOR AS OF PETITION DATE**

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through three (3).

Related Motion/Order Docket Entry No. 3, 10

DATED:   September 30, 2022

Judge, United States Bankruptcy Court

Page 2 | ORDER RE THE ISSUANCE OF A CLARIFYING LETTER BY THE CALIFORNIA
DEPARTMENT OF HEALTH CARE SERVICES TO HEALTH PLANS

Debtor: BORREGO COMMUNITY HEALTH FOUNDATION         Bankruptcy No. 22-02384-LT11
BORREGO COMMUNITY HEALTH FOUNDATION v. CALIFORNIA DEPARTMENT OF HEALTH
CARE SERVICES                                        Adversary No. 22-90056-LT

On September 30, 2022, the Court held an emergency hearing on the Debtor's Emergency
Motion and Supplement relating to the California Department of Health Care Services' (the
"Department") intention to affect a suspension of Medi-Cal payments to Debtor and the potential
resulting block transfer of patients by health plans out of Debtor. Generally, in the Emergency
Motion, Debtor sought: (1) a statement regarding the applicability of the automatic stay in
relation to the actions of the Department seeking to terminate certain payments/reimbursements
and enforcing or failing to rescind a prepetition letter encouraging block patient transfers; or (2)
issuance of a temporary protective order providing an equivalent stay. Appearances at the
emergency hearing were made as stated on the record.

The September 30 adversary proceeding hearing followed a September 27, 2022, bankruptcy
proceeding hearing at which the Court discussed with the parties the scheduling for Debtor's
Emergency Motion. At that hearing, the Court provided the Department with two options: (1) file
written opposition by noon on September 28, 2022, with the Court deciding the matter on the
papers; or (2) refrain from withholding payment and otherwise take steps to ensure status quo
maintenance in order to allow for its requested time for response and a hearing slightly more than
a week later. The Department elected the second option. Its papers are due on October 3, 2022;
the hearing is scheduled for October 6, 2022.

The parties disputed what was required to maintain the status quo. The Court set this hearing
based on that dispute and the tremendous potential for harm documented by the Patient Care
Ombudsman and Debtor if this matter was not decided on an emergency basis. The harm
includes not only catastrophic economic harm to Debtor but also serious harm to its patients. At
the hearing, the Department made clear its position that it had not required health plans to
terminate their contracts with and transfer patients out of Debtor. Debtor believes the Department
should have taken steps to prevent the health plans from doing so given its prior communication
with the health plans.

The Court determines that relief is appropriate given that decisions by health plans to unilaterally
block transfer Debtor's patients have the potential to endanger health and life. The Court hereby
ORDERS the Department to file and serve a clarifying letter on all health plans that were
contracted with Debtor as of the petition date, September 12, 2022, which must explain:

    (1) Declaration by this Court is not required for the automatic stay to come into effect. The
        automatic stay arises in this case unless the Court finds that an exception to the stay
        exists. The Court is currently considering whether an exception applies that would permit
        the Department to suspend Medi-Cal payments, which will be heard on October 6.

    (2) One exception to the automatic stay, 11 U.S.C. § 362(b)(4), excepts actions by
        governmental units to enforce their police or regulatory power. Even the Court were to
        find that exception applicable to the Department, it would not be available to health

Page 3 | ORDER RE THE ISSUANCE OF A CLARIFYING LETTER BY THE CALIFORNIA
DEPARTMENT OF HEALTH CARE SERVICES TO HEALTH PLANS

Debtor: BORREGO COMMUNITY HEALTH FOUNDATION                    Bankruptcy No. 22-02384-LT11
BORREGO COMMUNITY HEALTH FOUNDATION v. CALIFORNIA DEPARTMENT OF HEALTH
CARE SERVICES                                                  Adversary No. 22-90056-LT

plans.

(3) Acts taken in violation of the automatic stay are void. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992).

(4) Actions taken in violation of the stay may subject the violator to compensatory or coercive sanctions including reimbursement of Debtor's, no doubt reasonably large, attorneys' fees. *In re Pace*, 67 F.3d 187, 193 (9th Cir. 1995) (stating that courts have discretion under § 105(a) to sanction stay violators by awarding attorney's fees and costs to non-individuals, including bankruptcy trustees and corporate debtors, who do not qualify for an award of sanctions under § 362(h).).

(5) Given the notices provided by the Department and the issuance of the Court's order, violators cannot avoid sanction in reliance on the prepetition actions of the Department.

IT IS SO ORDERED.