SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:   213 623 9300
Facsimile:   213 623 9924

JOSEPH R. LAMAGNA (Bar No. 246850)
jlamagna@health-law.com
DEVIN M. SENELICK (Bar No. 221478)
dsenelick@health-law.com
JORDAN KEARNEY (Bar No. 305483)
jkearney@health-law.com
HOOPER, LUNDY & BOOKMAN, P.C.
101 West Broadway, Suite 1200
San Diego, California 92101
Telephone:   619 744 7300
Facsimile:   619 230 0987

*Proposed Attorneys for the Chapter 11 Debtor and Debtor In Possession*

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation,<br><br>Debtor and Debtor in Possession. | Case No. 22-02384-LT11<br><br>Chapter 11 Case |
| BORREGO COMMUNITY HEALTH FOUNDATION, a California nonprofit public benefit corporation,<br><br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, by and through its Director, Michelle Baass,<br><br>Defendant. | Adv. Pro. No. 22-90056-LT<br><br>**DECLARATION OF SAMUEL R. MAIZEL IN SUPPORT OF DEBTOR'S RESPONSE TO OBJECTIONS AND MOTIONS TO STRIKE INITIAL RUBIN DECLARATION IN SUPPORT OF EMERGENCY MOTION [DOCKET NO. 34] AND THE OBJECTIONS AND MOTIONS TO STRIKE SUPPLEMENTAL RUBIN DECLARATION IN SUPPORT OF EMERGENCY MOTION [DOCKET NO. 35]**<br>Judge: Honorable Laura S. Taylor<br>Date:   October 6, 2022<br>Time:  2:00 p.m.<br>Place:  Jacob Weinberger U.S. Courthouse<br>            Department 3 – Room 129<br>            325 West F. St.<br>            San Diego, CA 92101 |

US_ACTIVE\122386197\V-3

## DECLARATION OF SAMUEL R. MAIZEL

I, Samuel R. Maizel, hereby state and declare as follows:

1. I am a partner in the law firm of Dentons US LLP ("Dentons"), located at 601 S. Figueroa Street, Suite No.2500, Los Angeles, CA 900017, and have been duly admitted to practice law in the Commonwealth of Pennsylvania and the State of California and the United States District Court for the Southern District of California.

2. I am one of the attorneys representing Borrego Community Health Foundation, the debtor and debtor-in-possession in the above-captioned chapter 11 case and plaintiff in this adversary proceeding (the "Debtor"). Dentons is the proposed counsel to the Debtor.

3. I am providing this declaration to apprise the Court of certain facts relevant to the pending *Debtor's Response to Objections and Motions to Strike Initial Rubin Declaration in Support of Emergency Motion [Docket No. 34] and the Objections and Motions to Strike Supplemental Declaration in Support of Emergency Motion [Docket No. 35]* (collectively, the "Objections").

4. On September 28, 2022, at 12:30 p.m., at the request of Dr. Nathan Rubin, the Patient Care Ombudsman in the chapter 11 case of the Debtor, Tania Moyron, my partner and another Dentons' attorney, emailed Frank Stevens, of Berkeley Research Group, and DHCS's monitor (the "Monitor"), and asked to set up a call between the Monitor and Dr. Rubin to discuss patient care issues.

5. On September 28, 2022, at 2:08 p.m., the Monitor responded by email that he had "discussed with DHCS and they ok'd the call as long as the attendees excluded counsel." I am informed and believe that this call never occurred.

6. On September 29, 2022, Dr. Rubin sent the Monitor an email request for information regarding the Monitor's role and observations about patient care.

7. On October 2, 2022, at 7:37 a.m., counsel for Dr. Rubin followed up with an email to Kenneth Wang, counsel for DHCS, asking for the requested information. Mr. Wang replied: "As you are aware, BRG is retained by Borrego, not by the Department of Health Care Services. In

US_ACTIVE\122386197\V-3

addition, my office does not represent BRG." Counsel for DHCS made this assertion despite express language (a) in the agreement between BRG and Borrego (the "Monitor Agreement") that "BRG will report directly to DHCS, and DHCS is not obligated to share BRG's reports with [Borrego]," and that "[t]he work undertaken by Monitor and BRG in connection with this matter is part of the DHCS's work product;" and (b) in the final settlement agreement between DHCS and Borrego (the "DHCS Agreement") that "Borrego agrees that the independent monitor shall take direction from and work exclusively for the benefit of DHCS. Borrego agrees that monitor shall report directly to DHCS."

8. Nonetheless, based on counsel for DHCS's assertion, counsel for Dr. Rubin then emailed counsel for the Debtor, repeating the request for information. Tania Moyron, counsel for the Debtor, promptly forwarded the request for information to the Monitor, with an express notation that the information was "critical" and should be "provided as soon as possible."

9. The Monitor responded on October 2, 2022, that he and BRG "work directly for DHCS under privilege, we cannot provide anything without their approval. Our key contacts at DHCS were out last week and not returning till this week, which was part of our delay in responding." Mr. Stevens goes on to say "Once we receive a formal directive from DHCS, we will comply with the stated directive."

10. No response has been received to the requests for a conference call or production of documents from the Monitor.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 4th day of October 2022, at Los Angeles, California.

Samuel R. Maizel

US_ACTIVE\122386197\V-3