CSD 3000A [07/01/18]
Name, Address, Telephone No. & I.D. No.

SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623.9300 | Facsimilie: (213) 623-9924

Order Entered on
October 26, 2022
by Clerk U.S. Bankruptcy Court
Southern District of California

## UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

Borrego Community Health Foundation

Debtor.

BANKRUPTCY NO. 22-02384

Borrego Community Health Foundation

Plaintiff(s)

ADVERSARY NO. 22-90056

v.

California Department of Health Care Services

Defendant(s)

Date of Hearing: October 6, 2022
Time of Hearing: 2:00 p.m.
Name of Judge: Honorable Laura S. Taylor

**COURT MODIFIED**

## ORDER ON
**Emergency Motion to (I) Enforce the Automatic Stay or (II) Alternatively for Temporary Restraining Order**

The court orders as set forth on the continuation pages attached and numbered 2 through 2 with exhibits, if any, for a total of 2 pages. Motion/Application Docket Entry No. 3 .

//
//
//
//

DATED:    October 26, 2022

_____
Judge, United States Bankruptcy Court

CSD 3000A

**CSD 3000A** [07/01/18]**(Page 2)**
ORDER ON Emergency Motion to (I) Enforce the Automatic Stay or (II) Alternatively for Temporary Restraining Order

| | |
|---|---|
| DEBTOR: Borrego Community Health Foundation | CASE NO.: 22-02384 |
| | ADV. NO.: 22-90056 |

At the above referenced date, time and location, the Court held an emergency hearing on the Debtor's Emergency Motion to (I) Enforce the Automatic Stay or, Alternatively, (II) for Temporary Restraining Order (the "Emergency Motion") [Adv. Docket No. 3] filed by Borrego Community Health Foundation (capitalized terms not otherwise defined herein have the meanings ascribed to them in the Emergency Motion), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"). Having considered the Emergency Motion, the declarations and evidence in support of the Emergency Motion **or otherwise on the record in this proceeding,** any responses or replies to the Emergency Motion, and the arguments of counsel on the record; and the Court having found that the relief requested in the Emergency Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest and necessary to avoid immediate and irreparable harm; and the Court having found that the Debtor provided appropriate notice of the Emergency Motion and the opportunity for a hearing on the Emergency Motion under the circumstances, for the reasons set forth in the concurrently-issued Findings of Fact and Conclusions of Law (collectively, the "Findings"),

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Emergency Motion is granted in part, as set forth in the Court's Findings.

2. The Court denies DHCS' motion to strike the entire declaration of the Patient Care Ombudsperson.

3. The payment suspension imposed by the California Department of Health Care Services (the "Payment Suspension") violates the automatic stay imposed pursuant to Section 362(a) of the Bankruptcy Code.

4. The Payment Suspension is not exempt from the automatic stay pursuant to Section 362(b)(4) of the Bankruptcy Code.

5. Because the automatic stay applies to DHCS' Payment Suspension, it is not necessary to reach the merits of the Debtor's request for a Temporary Restraining Order.

6. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Emergency Motion or the interpretation or implementation of this Order.

IT IS SO ORDERED.