1  ROB BONTA
   Attorney General of California
2  RICHARD T. WALDOW
   Supervising Deputy Attorney General
3  KENNETH K. WANG
   GRANT LIEN
4  COLIN D. SCHOELL
   Deputy Attorney General
5  State Bar No. 201823
   Office of the California Attorney General
6  300 S Spring Street, No. 1702
   Los Angeles, CA 90013
7  (213) 269-6217
   E-mail: Kenneth.Wang@doj.ca.gov
8  *Attorneys for Defendant California*
   *Department of Health Care Services*

9

            IN THE UNITED STATES BANKRUPTCY COURT
10
          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
11

12

| | |
|---|---|
| 13 **BORREGO COMMUNITY HEALTH FOUNDATION,**<br><br>14<br><br>15                              Debtor. | CASE NO. 22-02384 (LT)<br><br>Chapter 11<br><br>Adversary No. 22-90056 (LT) |
| 16 **BORREGO COMMUNITY HEALTH FOUNDATION,**<br>17<br>18                              Plaintiff,<br>19   **v.**<br>20<br>**DEPARTMENT OF HEALTH CARE**<br>21 **SERVICES (CA),**<br>22                              Defendant, | **ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, OR IN THE ALTERNATIVE, FOR WRIT OF MANDATE UNDER CODE OF CIVIL PROCEDURE 1085**<br><br>Place:       5<br>Judge:      The Hon. Laura S. Taylor |

23
         Defendant California Department of Health Care Services (Department)
24
   hereby responds to the Complaint for Declaratory Judgment and Preliminary and
25
   Permanent Injunctive Relief, or in the Alternative, for Writ of Mandate Under Code
26
   of Civil Procedure 1085 (Complaint) filed by Borrego Community Health
27
   Foundation (Plaintiff), as follows:
28

                                        1

1    1.    Answering paragraph one of the Complaint, the Department states this
2    paragraph contains legal conclusions or Plaintiff's characterization of this lawsuit to
3    which no response is required.  To the extent a response is required, the Department
4    admits that Plaintiff is a California nonprofit 501(c)(3) public benefit corporation
5    operating a Federally Qualified Health Center (FQHC) that operates eighteen (18)
6    clinics providing Family Practice, Pediatrics, OB/GYN, Internal Medicine,
7    Podiatry, Dermatology, Cardiology, HIV/Hepatitis C and COVID-19 related testing
8    and vaccinations.  As to the remaining allegations, the Department lacks sufficient
9    information or knowledge to form a belief as to the truth of the allegations and, on
10   that basis, denies those allegations.

11    2.    Answering paragraph two of the Complaint, the Department admits the
12   allegations contained therein.

13    3.    Answering paragraph three of the Complaint, the Department admits the
14   allegations contained therein.

15    4.    Answering paragraph four of the Complaint, the Department states that
16   this paragraph contains legal conclusions or Plaintiff's characterization of this
17   lawsuit to which no response is required.  If a response is required, the department
18   denies any allegation that differs from the plain language of the statutes cited
19   therein.

20    5.    Answering paragraph five of the Complaint, the Department states that
21   this paragraph contains legal conclusions or Plaintiff's characterization of this
22   lawsuit to which no response is required.  If a response is required, the department
23   denies any allegation that differs from the plain language of the statutes cited
24   therein.

25    6.    Answering paragraph six of the Complaint, the Department states this
26   paragraph contains legal conclusions or Plaintiff's characterization of this lawsuit to
27   which no response is required.  If a response is required, the department denies any
28   allegation that differs from the plain language of the statute cited therein.

7.     Answering paragraph seven of the Complaint, the Department admits that it is withholding payments for dental services, but denies that these payments are "owed" to Borrego Health.  The Department properly exercised its regulatory and policing authority to reimpose a payment suspension against Borrego due to the ongoing fraud investigation and for its ongoing failures to address numerous concerns, including quality of care deficiencies, member grievances, referrals, and ongoing improper billing to the Medi-Cal program.  In addition, the Department has identified significant overpayments to Borrego which far exceed any amounts currently withheld by the Department.

The Department denies that it was "threatening" to suspend Borrego Health "from any payment for services provided for Medi-Cal beneficiaries starting September 29, 2022."  Instead, the Department notified Borrego Health on August 19, 2022 that, effective September 29, 2022, it was reimposing a full payment suspension against Borrego Health.

Further, the Department denies that it threatened to compel third parties to terminate their contracts with Borrego Health.  In fact, the Department specifically stated otherwise. The Department clearly informed the plans that, in accordance with existing authority and policies, a payment suspension did not require managed care plans to terminate contracts with Borrego.  In addition, the requests to the managed care plans for transition plans only asked, for example, for how a "potential contract termination could affect members' access to covered services." (Emphasis added.) At no point did DHCS require or threaten to require managed care plans to terminate contracts with Borrego.

Moreover, the Department denies that it required or threatened to require managed care plans to block transfer patients or refuse to assign new patients to Borrego.  In fact, the requests to the managed care plans for transition plans specifically stated otherwise, asking managed care plans to, for example, develop a "plan to monitor and oversee a potential transition of members on an ongoing

3

basis." (Emphasis added.) At no point did DHCS require or threaten to require that managed care plans transfer Borrego patients, whether through a block transfer or otherwise, or that managed care plans refuse to assign new patients.

In addition, the Department denies that there is an "extreme risk to patient well-being" that may result from the payment suspension. The Department extended the effective date of the payment suspension to September 29, 2022 to provide time for the potentially impacted managed care plans to finalize transition plans and ensure that patients would have timely and effective access to care if Borrego were to cease operations. The Department requested and obtained transition plans from all potentially impacted managed care plans. These managed care plans identified in-network providers with the capacity to effectively provide care to patients reassigned away from Borrego, would be able to contract with out-of-network providers to ensure that patients reassigned away from Borrego continue to receive Medi-Cal services, and/or would be ready to provide services through telehealth. The managed care plans are prepared to take steps to ensure access to care if Borrego were to cease operations, including the placement of mobile clinics adjacent to existing Borrego sites while looking for available space to lease and the provision of transportation to patients.

The allegation is vague and ambiguous and Department lacks sufficient information regarding whether Borrego Health is dependent on Medi-Cal revenue to provide services to patients and denies that allegation on that basis.

The Department denies all other allegations in paragraph 7 of the Complaint.

8.    Answering paragraph eight of the Complaint, the Department admits that one reason for the reimposition of the payment suspension is a credible allegation of fraud against Borrego Health, that the pending investigation for fraud relates, at least in part, to Borrego Health's dental services, and that Borrego Health's dental services have been under a payment suspension since November 18, 2020. The Department denies all other allegations in paragraph 8 of the Complaint.

4

9.   Answering paragraph nine of the Complaint, the Department denies each and every allegation therein.

10.   Answering paragraph ten of the Complaint, the Department denies each and every allegation therein.

11.   Answering paragraph eleven of the Complaint, the Department denies that Borrego Health has rights that need to be vindicated.  Further answering paragraph eleven, this paragraph contains legal conclusions or Plaintiff's characterization of this lawsuit to which no response is required.  If a response is required, the Department denies any allegation that differs from the plain language of the statutes cited therein.

12.   Answering paragraph twelve of the Complaint, the Department states that this paragraph contains legal conclusions or Plaintiff's characterization of this lawsuit to which no response is required.  If a response is required, the Department denies all the allegations therein.

13.   Answering paragraph thirteen of the Complaint, the Department admits that a payment suspension prohibits Borrego Health from receiving reimbursement for Medi-Cal services.

The Department denies that Borrego Health shuttering its clinics would result in a lack of access to care for thousands of Medi-Cal beneficiaries in remote and underserved areas of California.  The Department extended the effective date of the payment suspension to September 29, 2022 to provide time for the potentially impacted managed care plans to finalize transition plans and ensure that patients would have timely and effective access to care if Borrego were to cease operations. The managed care plans are prepared to take steps to ensure continuity of care if Borrego were to cease operations, including the placement of mobile clinics adjacent to existing Borrego sites while looking for available space to lease and the provision of transportation to patients.

The Department lacks sufficient information or knowledge to form a belief as to the truth of the other allegations in this paragraph and, on that basis, denies each and every other allegation related thereto in paragraph 13.

14.    Answering paragraph fourteen of the Complaint, the Department denies each and every allegation therein.

15.    Answering paragraph fifteen of the Complaint, the Department admits the allegations contained therein.

16.    Answering paragraph sixteen of the Complaint, the Department lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies each and every allegation therein.

17.    Answering paragraph seventeen of the Complaint, the Department denies that it "was temporarily suspending Borrego Health's Medi-Cal provider numbers." The Department imposed a payment suspension. The Department admits the remaining allegations contained therein.

18.    Answering paragraph eighteen of the Complaint, the Department admits that Borrego Health appealed the November 18, 2020, payment suspension through a meet-and-confer process.  The Department denies all other allegations therein.

19.    Answering paragraph nineteen of the Complaint, the Department admits the allegations contained therein.

20.    Answering paragraph twenty of the Complaint, the Department lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies each and every allegation therein.

21.    Answering paragraph twenty-one of the Complaint, the Department admits that Medi-Cal payments for Borrego Health's dental services are suspended and that Borrego agreed to the modified payment suspension through the Settlement Agreement.  The Department denies all other allegations therein.

6

22.    Answering paragraph twenty-two of the Complaint, the Department admits it conditioned the payment suspension on a Term Sheet and in contemplation of a settlement agreement consistent with the Term Sheet.  The Department denies all other allegations therein.

23.    Answering paragraph twenty-three of the Complaint, the Department denies each and every allegation therein.

24.    Answering paragraph twenty-four of the Complaint, the Department admits the allegations therein.

25.    Answering paragraph twenty-five of the Complaint, the Department admits that Borrego Health continued to provide certain dental services.  The Department lacks sufficient information or knowledge to form a belief as to the truth of the other allegations in this paragraph and, on that basis, denies each and every other allegation therein.

26.    Answering paragraph twenty-six of the Complaint, the Department admits the allegations contained therein.

27.    Answering paragraph twenty-seven of the Complaint, the Department admits the allegations contained therein.

28.    Answering paragraph twenty-eight of the Complaint, the Department denies each and every allegation therein.

29.    Answering paragraph twenty-nine of the Complaint, the Department admits the allegations contained therein.

30.    Answering paragraph thirty of the Complaint, the Department admits that Borrego Health retained Berkeley Research Group (BRG) but denies all other allegations therein.

31.    Answering paragraph thirty-one of the Complaint, the Department admits that the Department worked with BRG and Borrego Health regarding a number of identified deficiencies, including billing and compliance.  The Department denies each and every other allegation therein.

7

32.   Answering paragraph thirty-two of the Complaint, the Department states that this paragraph contains legal conclusions or Plaintiff's characterization of this lawsuit to which no response is required.  If a response is required, the Department admits that it required Borrego Health to execute two Corrective Action Plans (CAPs) in response to Borrego Health's dilatory performance and underperformance of compliance and operational efforts and that Borrego Health's refusal to do so may have resulted in the reimposition of a full payment suspension but denies all other allegations therein.

33.   Answering paragraph thirty-three of the Complaint, the Department denies each and every allegation therein.

34.   Answering paragraph thirty-four of the Complaint, the Department denies each and every allegation therein.

35.   Answering paragraph thirty-five of the Complaint, the Department admits the allegations contained therein.

36.   Answering paragraph thirty-six of the Complaint, the Department states that this paragraph contains legal conclusions or Plaintiff's characterization of this lawsuit to which no response is required.  If a response is required, the Department denies each and every allegation therein.

37.   Answering paragraph thirty-seven of the Complaint, the Department admits that BRG found that Borrego Health was not meaningfully reviewing the grievances and that the process was not driving quality improvement. The Department denies each and every other allegation therein.

38.   Answering paragraph thirty-eight of the Complaint, the Department denies each and every allegation therein.

39.   Answering paragraph thirty-nine of the Complaint, the Department denies each and every allegation therein.

40.   Answering paragraph forty of the Complaint, the Department denies each and every allegation therein.

8

41.   Answering paragraph forty-one of the Complaint, the Department admits that Borrego Health made improvements. The Department denies each and every other allegation therein.

42.   Answering paragraph forty-two of the Complaint, the Department admits that Borrego Health requested that the payment suspension be modified to only apply to contract dental claims.  The Department denies that Borrego has the authority to decide that BRG be removed as an independent monitor.  In the Settlement Agreement, Borrego agreed to retain an independent monitor until the Department determines that a monitor is no longer necessary.  The Department denies each and every other allegation contained therein.

43.   Answering paragraph forty-three of the Complaint, the Department states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies each and every allegation therein.

44.   Answering paragraph forty-four of the Complaint, the Department admits that Borrego Health requested to meet with the Department to discuss further modifying the payment suspension to permit payment of in-house dental claims. The Department denies all other allegations contained therein.

45.   Answering paragraph forty-five of the Complaint, the Department admits the allegations contained therein.

46.   Answering paragraph forty-six of the Complaint, the Department denies each and every allegation therein.

47.   Answering paragraph forty-seven of the Complaint, the Department admits it requested Borrego Health to submit documentation within two weeks, but denies every other allegation therein.

48.   Answering paragraph forty-eight of the Complaint, the Department admits that Borrego Health submitted documentation to the Department on or about July 22, 2022, but denies all other allegations contained therein.

9

49.    Answering paragraph forty-nine of the Complaint, the Department admits that Borrego Health followed up with the Department but denies all other allegations contained therein.

50.    Answering paragraph fifty of the Complaint, the Department admits that the Settlement Agreement, in part, called for Borrego to conduct an internal audit of contracted dental claims, in additional to a number of other audits, and that Borrego proposed a methodology for a dental audit. The Department denies all other allegations contained therein.

51.    Answering paragraph fifty-one of the Complaint, the Department admits that a purpose of the audit was to determine overpayment amounts in contract dental.  The Department denies each and every other allegation therein.

52.    Answering paragraph fifty-two of the Complaint, the Department denies each and every allegation therein.

53.    Answering paragraph fifty-three of the Complaint, the Department denies each and every allegation contained therein.

54.    Answering paragraph fifty-four of the Complaint, the Department asserts that the cited letter by Mr. Bruce Lim speaks for itself.  The Department denies each and every allegation that differs from the plain language of the letter.

55.    Answering paragraph fifty-five of the Complaint, the Department asserts that the cited letter by Mr. Bruce Lim speaks for itself.  The Department denies each and every allegation that differs from the plain language of the letter.

56.    Answering paragraph fifty-six of the Complaint, the Department denies each and every allegation contained therein.

57.    Answering paragraph fifty-seven of the Complaint, the Department asserts that the cited letter by Mr. Bob Sands speaks for itself.  The Department denies each and every allegation that differs from the plain language of the letter.

58.    Answering paragraph fifty-eight of the Complaint, the Department states this paragraph contains legal conclusions or Plaintiff's characterization of this

10

lawsuit to which no response is required.  To the extent a response is required, the allegation is vague and ambiguous as to the term "publicize."  The Department lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies each and every allegation therein.

59.   Answering paragraph fifty-nine of the Complaint, the Department admits that it responded to inquiries and public records act requests by the media.  The Department denies all other allegations contained therein.

60.   Answering paragraph sixty of the Complaint, the Department denies each and every allegation therein.

61.   Answering paragraph sixty-one of the Complaint, the Department states that it lacks sufficient information regarding the cited reporting by the San Diego Union Tribune, and on that basis, denies each and every allegation contained therein.

62.   Answering paragraph sixty-two of the Complaint, the Department asserts that the cited statement and the August 19, 2022, letter by Mr. Lim speaks for themselves and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of the cited statement and Mr. Lim's August 19, 2022, letter.

63.   Answering paragraph sixty-three of the Complaint, the Department admits that on August 19, 2022, it notified health plans of the full payment suspension to be reimposed against Borrego Health on September 29, 2022.  The Department denies all other allegations stated therein.

64.   Answering paragraph sixty-four of the Complaint, the Department denies each and every allegation therein.

65.    Answering paragraph sixty-five of the Complaint, the Department lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies each and every allegation therein.

66.    Answering paragraph sixty-six of the Complaint, the Department denies each and every allegation therein.

67.    Answering paragraph sixty-seven of the Complaint, the Department denies each and every allegation therein.

68.    Answering paragraph sixty-eight of the Complaint, the Department admits that it knew that Borrego Health had been under investigation and that it was reviewing Borrego Health's practices in cooperation with the independent monitor. The Department denies the allegation that Borrego Health is "cooperating with criminal and civil investigators" on the ground that it lacks sufficient information to admit or deny the allegations.  The Department denies all other allegations on the grounds that they are vague, ambiguous, and unintelligible as to the alleged time period in which Borrego Health allegedly stopped all contract dental programs and had not submitted any contractual dental claims.

69.    Answering paragraph sixty-nine of the Complaint, the Department denies each and every allegation therein.

70.    Answering paragraph seventy of the Complaint, the Department admits that Borrego Health recently filed a lawsuit against former Borrego Health staff and contractors relating to Borrego's fraudulent dental program.  The Department denies all other allegations stated therein.

71.    Answering paragraph seventy-one of the Complaint, the Department denies each and every allegation therein.

72.    Answering paragraph seventy-two of the Complaint, the Department denies each and every allegation therein.

73.    Answering paragraph seventy-three of the Complaint, the Department denies each and every allegation therein.

74.    Answering paragraph seventy-four of the Complaint, the Department denies each and every allegation therein.

75.    Answering paragraph seventy-five of the Complaint, the Department denies each and every allegation therein.  The allegation is vague and ambiguous.

76.    Answering paragraph seventy-six of the Complaint, the Department admits that at least a portion of Borrego's operations are in underserved areas.  The Department denies each and every other allegation stated therein.

77.    Answering paragraph seventy-seven of the Complaint, the Department denies each and every allegation therein.

78.    Answering paragraph seventy-eight of the Complaint, the Department states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies each and every allegation therein.  The Department has data demonstrating that Borrego has deficiencies relating to quality of care and Borrego's ability to provide competent services to its patients, including referral backlogs and delayed appointments.

79.    Answering paragraph seventy-nine of the Complaint, the Department states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies each and every allegation therein.

80.    Answering paragraph eighty of the Complaint, the Department lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies each and every allegation therein.

81.    Answering paragraph eighty-one of the Complaint, the Department lacks sufficient information or knowledge to form a belief as to the truth of the

allegations in this paragraph and, on that basis, denies each and every allegation therein.

82.     Answering paragraph eighty-two of the Complaint, the Department admits the allegations contained therein.

83.     Answering paragraph eighty-three of the Complaint, the Department denies each and every allegation therein.

84.     Answering paragraph eighty-four of the Complaint, the Department denies each and every allegation therein.

85.     Answering paragraph eighty-five of the Complaint, the Department denies each and every allegation therein.

86.     Answering paragraph eighty-six of the Complaint, the Department admits that the Department concluded that Borrego Health does not have a robust compliance department and that BRG reviewed Borrego Health's compliance program plan.  The Department and BRG also provided extensive detail as to what constituted a robust compliance department, including in the Department's corrective action plans and ongoing discussions between the independent monitor and Borrego.  The Department denies all other allegations contained therein.

87.     Answering paragraph eighty-seven of the Complaint, the Department denies each and every allegation therein.

88.     Answering paragraph eighty-eight of the Complaint, the Department admits Borrego Health requested the Department provide an explanation as to why Borrego Health's written submission was insufficient, but denies all other allegations contained therein.

89.     Answering paragraph eighty-nine of the Complaint, the Department denies each and every allegation therein.

90.     Answering paragraph ninety of the Complaint, the Department objects to this paragraph on the grounds that it is vague, ambiguous, and unintelligible with regard to the term "meet and confer request."  Aside from the objections, the

14

Department denies that the automatic stay applies to the payment suspension that was to be reimposed on September 29, 2022. In addition, the Department denies all other allegations contained in this paragraph.

91. Answering paragraph ninety-one of the Complaint, the Department denies any implication or assumption that the automatic stay enjoins the payment suspension that was to be reimposed on September 29, 2022. The Department admits that Borrego Health commenced its Chapter 11 petition for the sole reason of evading the payment suspension that was to be reimposed on September 29, 2022. The Department denies all other allegations contained in paragraph ninety-one of the Complaint.

92. Answering paragraph ninety-two of the Complaint, the Department admits the allegations contained therein.

93. Answering paragraph ninety-three of the Complaint, the Department states that this paragraph contains legal conclusions or Plaintiff's characterization of this lawsuit to which no response is required. If a response is required, the Department admits that the written appeal contains a 90 day timeline and does not include cross-examining witnesses or reviewing the Department's evidence but denies each and every remaining allegation therein.

94. Answering paragraph ninety-four of the Complaint, the Department asserts that Title XIX of the Social Security Act speaks for itself and therefore, no response to the allegations characterizing it is required. To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of Title XIX of the Social Security Act.

95. Answering paragraph ninety-five of the Complaint, the Department asserts that 42 U.S.C. § 1396a(30(A) and 42 C.F.R. § 447.204 speak for themselves and therefore, no response to the allegations characterizing those provisions is required. To the extent that a response is required, the Department

15

denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 42 U.S.C. § 1396a(a)(30)(A) or 42 C.F.R. § 447.204.

96.    Answering paragraph ninety-six of the Complaint, the Department asserts that 42 C.F.R. § 455.23(a)(1) speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 42 C.F.R. § 455.23(a)(1).

97.    Answering paragraph ninety-seven of the Complaint, the Department asserts that 42 C.F.R. § 455.2(3) speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 42 C.F.R. § 455.2(3).

98.    Answering paragraph ninety-eight of the Complaint, the Department asserts that 42 C.F.R. § 455.23(a)(3) speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 42 C.F.R. § 455.23(a)(3).

99.    Answering paragraph ninety-nine of the Complaint, the Department asserts that 42 C.F.R. § 455.23(b) speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 42 C.F.R. § 455.23(b).

100. Answering paragraph one hundred of the Complaint, the Department asserts that 42 C.F.R. § 455.23(b)(v) speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 42 C.F.R. § 455.23(b)(v).

101. Answering paragraph one hundred one of the Complaint, the Department asserts that 42 C.F.R. § 455.23(c) speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 42 C.F.R. § 455.23(c).

102. Answering paragraph one hundred two of the Complaint, the Department asserts that 42 C.F.R. § 455.23(e) speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 42 C.F.R. § 455.23(e).

103. Answering paragraph one hundred three of the Complaint, the Department asserts that 42 C.F.R. § 455.23(e)(4)(ii) speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 42 C.F.R. § 455.23(e)(4)(ii).

104. Answering paragraph one hundred four of the Complaint, the Department asserts that 76 Fed. Reg. 5861, 5934 speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary,

17

conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 76 Fed. Reg. 5861, 5934.

105. Answering paragraph one hundred five of the Complaint, the Department asserts that 76 Fed. Reg. 5861, 5934 speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 76 Fed. Reg. 5861, 5934.

106. Answering paragraph one hundred six of the Complaint, the Department asserts that the statutes and regulations regarding the payment suspension speak for themselves and therefore, no response to the allegations characterizing those provisions is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of the statues and regulations related or regarding to payment suspension.

107. Answering paragraph one hundred seven of the Complaint, the Department asserts that California Welfare & Institutions Code, § 14123(c) speaks for itself and therefore, no response to the allegations characterizing it is required. To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of California Welfare & Institutions Code, § 14123(c).

108. Answering paragraph one hundred eight of the Complaint, the Department asserts that California Welfare & Institutions Code, § 14107.11 speaks for itself and therefore, no response to the allegations characterizing it is required. To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or

18

paraphrasing that differs from the plain language of California Welfare & Institutions Code, § 14107.11.

109. Answering paragraph one hundred nine of the Complaint, the Department asserts that California Welfare & Institutions Code, § 14107.11 speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of California Welfare & Institutions Code, § 14107.11.

110. Answering paragraph one hundred ten of the Complaint, the Department asserts that California Welfare & Institutions Code, § 14107.11, subdivision (b) speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of California Welfare & Institutions Code, § 14107.11, subdivision (b).

111. Answering paragraph one hundred eleven of the Complaint, the Department asserts  that Borrego Health's administrative appeal right is provided by California Welfare and Institutions Code section 14043.65, subdivision (a), which speaks for itself, and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of California Welfare & Institutions Code section 14043.65, subdivision (a).

112. Answering paragraph one hundred twelve of the Complaint, the Department asserts that California Welfare & Institutions Code, § 14043.65, subdivision (a) and Code of Civil Procedure section 1085 speak for themselves and therefore, no response to the allegations characterizing those provisions is required. To the extent that a response is required, the Department denies each and every

allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of California Welfare & Institutions Code, § 14043.65, subdivision (a), and Code of Civil Procedure section 1085.

113. Answering paragraph one hundred thirteen of the Complaint, the Department asserts that California Welfare & Institutions Code, § 14123.05 speaks for itself and therefore, no response to the allegations characterizing it is required. To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of California Welfare & Institutions Code, § 14123.05.

## CLAIM I: DECLARATORY JUDGMENT

114. The Department incorporates all preceding paragraphs as if fully restated herein.

115. Answering paragraph one hundred fifteen of the Complaint, the Department asserts that 28 U.S.C. § 2201(a) speaks for itself and therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 28 U.S.C. § 2201(a).

116. Answering paragraph one hundred sixteen of the Complaint, the Department denies each and every allegation therein.

117. Answering paragraph one hundred seventeen of the Complaint, the Department denies each and every allegation therein.

118.  Answering paragraph one hundred eighteen of the Complaint, including subparagraphs (a) through (e), the Department admits to the form of the declaratory judgment requested by Borrego Health but denies the merits of the requested

declaratory judgment, and further denies that Borrego Health is entitled to any relief whatsoever.

## CLAIM II: ENFORCEMENT OF AUTOMATIC STAY

119. The Department incorporates all preceding paragraphs as if fully restated herein.

120. Answering paragraph one hundred twenty of the Complaint, the Department asserts that 11 U.S.C. § 362(a)(1), (3), and (6) speak for themselves and therefore, no response to the allegations characterizing those provisions is required. To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 11 U.S.C. § 362(a)(1), (3), and (6).

121. Answering paragraph one hundred twenty-one of the Complaint, the Department asserts that 11 U.S.C. § 362(a)(1), (3), and (6) speak for themselves and therefore, no response to the allegations characterizing those provisions is required. To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 11 U.S.C. § 362(a)(1), (3), and (6). The Department also denies that the reinstatement of the payment suspension is a means to recover a claim against Borrego Health that arose prepetition. The Department further denies the allegation that the payment suspension is an exercise of "control" over Borrego Health's property.

122. Answering paragraph one hundred twenty-two of the Complaint, the Department denies each and every allegation therein.

123. Answering paragraph one hundred twenty-three of the Complaint, the Department denies each and every allegation therein.

Answer to Complaint for Declaratory Judgment and Injunctive Relief (Case No. 22-02384)

## CLAIM III:  PRELIMINARY AND PERMANENT INJUNCTION

124. The Department incorporates all preceding paragraphs as if fully restated herein.

125. Answering paragraph one hundred twenty-five of the Complaint, the Department asserts that 11 U.S.C. § 105(a) and Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure speak for themselves; therefore, no response to the allegations characterizing these provisions is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of 11 U.S.C. § 105(a) and Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure.

126. Answering paragraph one hundred twenty-six of the Complaint, the Department denies each and every allegation therein.

127. Answering paragraph one hundred twenty-seven of the Complaint, the Department admits to the form of injunction requested by Borrego Health but denies the merits of the request and further denies that Borrego is entitled to any relief whatsoever.

## CLAIM IV:  VIOLATION OF DUE PROCESS

128. The Department incorporates all preceding paragraphs as if fully restated herein.

129. Answering paragraph one hundred twenty-nine of the Complaint,  the Department asserts that California Welfare & Institutions Code section 14107.11 and 42 Code of Federal Regulations (C.F.R.) section 455.23 (2012) speak for themselves and therefore, no response to the allegations characterizing these provisions is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of California

Welfare & Institutions Code section 14107.11 and 42 Code of Federal Regulations (C.F.R.) section 455.23 (2012).

130. Answering paragraph one hundred thirty of the Complaint, the Department admits that it has been withholding money, but denies that this money is "due Plaintiff." The Department denies each and every other allegation therein.

131. Answering paragraph one hundred thirty-one of the Complaint, the Department denies each and every allegation therein.

132. Answering paragraph one hundred thirty-two of the Complaint, the Department denies each and every allegation therein.

133. Answering paragraph one hundred thirty-three of the Complaint, the Department denies each and every allegation therein.

134. Answering paragraph one hundred thirty-four of the Complaint, the Department states that this paragraph contains legal conclusions or Plaintiff's characterization of this lawsuit to which no response is required. If a response is required, the Department denies each and every allegation therein.

135. Answering paragraph one hundred thirty-five of the Complaint, the Department denies each and every allegation therein.

136. Answering paragraph one hundred thirty-six of the Complaint, the Department asserts that California Welfare & Institutions Code, § 14043.65, subdivision (a) and Code of Civil Procedure section 1085 speaks for themselves and therefore, no response to the allegations characterizing those provisions is required. To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of California Welfare & Institutions Code, § 14043.65, subdivision (a) and Code of Civil Procedure section 1085.137. The allegation is also vague and ambiguous as to the term "full hearing" and the Department states that it lacks sufficient information or knowledge to form a belief as to the truth of this allegation and, on that basis, denies this allegation.

137. Answering paragraph one hundred thirty-seven of the Complaint, the Department denies each and every allegation therein.

138. Answering paragraph one hundred thirty-eight of the Complaint, the Department denies each and every allegation therein.

139. Answering paragraph one hundred thirty-nine of the Complaint, the Department denies each and every allegation therein.

140. Answering paragraph one hundred forty of the Complaint, the Department states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies each and every allegation therein.

141. Answering paragraph one hundred forty-one of the Complaint, the Department denies each and every allegation therein.

142. Answering paragraph one hundred forty-two of the Complaint, the Department states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies each and every allegation therein.

143. Answering paragraph one hundred forty-three of the Complaint, including subparagraphs (a) through (f), the Department denies each and every allegation therein.

**CLAIM V:  INJUNCTIVE AND DECLARATORY RELIEF PURSUANT TO 18 U.S.C. § 1983 AND 42 C.F.R. § 455.23**

144. The Department incorporates all preceding paragraphs as if fully restated herein.

145. Answering paragraph one hundred forty-five of the Complaint, the Department denies each and every allegation therein.

146. Answering paragraph one hundred forty-six of the Complaint, the Department denies each and every allegation therein.

147. Answering paragraph one hundred forty-seven of the Complaint, the Department denies each and every allegation therein.

148. Answering paragraph one hundred forty-eight of the Complaint, the Department denies each and every allegation therein.

149. Answering paragraph one hundred forty-nine of the Complaint the Department denies each and every allegation therein.

150. Answering paragraph one hundred fifty of the Complaint, the Department denies each and every allegation therein.

151. Answering paragraph one hundred fifty-one of the Complaint, the Department denies each and every allegation therein.

152. Answering paragraph one hundred fifty-two of the Complaint, the Department denies each and every allegation therein.

## CLAIM VI: WRIT OF MANDATE PURSUANT TO CAL. CODE OF CIV. PROC., § 1085

153. The Department incorporates all preceding paragraphs as if fully restated herein.

154. Answering paragraph one hundred fifty-four of the Complaint, the Department asserts that California Code of Civil Procedure, section 1085 speaks for itself; therefore, no response to the allegations characterizing it is required.  To the extent that a response is required, the Department denies each and every allegation that is a summary, conclusion, interpretation, characterization, or paraphrasing that differs from the plain language of California Code of Civil Procedure, section 1085. Any claim under Code of Civil Procedure section 1085 must be adjudicated by a superior court of the State of California.

155. Answering paragraph one hundred fifty-five of the Complaint, including subparagraphs (a) through (e), the Department denies each and every allegation therein.  Any claim under Code of Civil Procedure section 1085 must be adjudicated by a superior court of the State of California.

**AFFIRMATIVE DEFENSES**

The Department alleges the following affirmative defenses with respect to the purported claims for relief alleged in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a separate affirmative defense to the Complaint and to each purported cause of action therein, the Department submits that the Complaint, and each purported cause of action thereof, fails to state a claim against the Department and fails to state facts sufficient to constitute a cause of action against the Department pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6) and other applicable law. Accordingly, the Complaint and the causes of action asserted therein should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

**(Waiver)**

As a separate affirmative defense to the Complaint and to each purported cause of action therein, the Department submits that the Complaint, and each purported claim thereof, is barred by the doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

As a separate affirmative defense to the Complaint and to each purported claim therein, the Department submits that the Complaint, and each purported claim therein, is barred by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Fraud)**

As a separate affirmative defense to the Complaint and to each purported claim therein, the Department submits that the Complaint, and each purported claim therein, is barred by the doctrine of fraud. The Department properly exercised its regulatory and policing authority to reimpose a payment suspension against

26

Borrego as a fraud enforcement mechanism due to the ongoing fraud investigation into Borrego.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

This Court lacks jurisdiction to adjudicate any claim under Code of Civil Procedure section 1085. Any claim under Code of Civil Procedure section 1085 must be adjudicated by a superior court of the State of California.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Borrego Health failed to exhaust administrative remedies available to address all or some of its claims, and all or some of its claims are not properly before this Court until such administrative remedies are exhausted.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Borrego Health is barred from any recovery against the Department by the doctrine of unclean hands, by virtue of Borrego Health's own wrongful and/or improper conduct in connection with the subject matter of this action.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Equity)

Borrego Health is barred from recovery against the Department by virtue of Borrego Health's own inequitable conduct in connection with the subject matter of this action.

## NINTH AFFIRMATIVE DEFENSE
### (Exemption to the Automatic Stay)

The payment suspension by the Department is exempt from the automatic stay because of the Department's regulatory and police power.

## PRAYER FOR RELIEF

WHEREFORE, the Department prays for relief and judgment as follows:

27

1        1.    that the Court deny Borrego Health's prayer for relief in its entirety

2    and that the Court enter judgment in the Department's favor;

3        2.    that the Court award the Department its costs and expenses incurred in

4    this action and attorneys' fees as permitted by law, plus interest; and

5        3.    that the Court award the Department such other and further relief that

6    it deems appropriate.

7    Dated:  October 26, 2022                    Respectfully submitted,

8                                            ROB BONTA

9                                            Attorney General of California
                                        RICHARD T. WALDOW

10                                           Supervising Deputy Attorney General

11

12                                           /s/ Kenneth K. Wang

13                                           KENNETH K. WANG
                                        Deputy Attorney General

14                                           *Attorneys for Defendant California*
    LA2022602345                      *Department of Health Care Services*

15   LA2022602345

16

17

18

19

20

21

22

23

24

25

26

27

28

28