CSD417A (Adv.)[12/1/18]
Name, Address, Telephone No. & I.D. No.

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| In Re | | BANKRUPTCY NO. |
|---|---|---|
| | Debtor | |
| | Plaintiff(s) | ADVERSARY NO. |
| v. | Defendant(s) | |

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

| For appeals in an adversary proceeding. | For appeals in a bankruptcy case and not in an adversary proceeding. |
|---|---|
| ☐ Plaintiff | ☐ Debtor |
| ☐ Defendant | ☐ Creditor |
| ☐ Other (describe) | ☐ Trustee |
| | ☐ Other (describe) |

**Part 2: Identify the subject of this appeal**

(1) "Court Modified" Order on Plaintiff's Emergency Motion (Exhibit A attached hereto) and (2) Findings of Fact and Conclusions of Law (Exhibit B attached hereto)

1. Describe the judgment, order, or decree appealed from:

2. State the date on which the judgment, order, or decree was entered:

CSD417A (Adv)

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone Numbers of their attorneys (attach additional pages if necessary):

1. Party: _____    Attorney: _____
   _____
   _____
   _____

2. Party: _____    Attorney: _____
   _____
   _____
   _____

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. §158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

Date: _____

_____
Signature of attorney for appellant(s) (or appellant(s)
If not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney)

_____
_____
_____
_____

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

CSD417A (Adv)

EXHIBIT A

**CSD 3000A** [07/01/18]
Name, Address, Telephone No. & I.D. No.
SAMUEL R. MAIZEL (Bar No. 189301)
samuel.maizel@dentons.com
TANIA M. MOYRON (Bar No. 235736)
tania.moyron@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623.9300 | Facsimilie: (213) 623-9924

Order Entered on
October 26, 2022
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| In Re | | |
|---|---|---|
| Borrego Community Health Foundation | Debtor. | BANKRUPTCY NO. 22-02384 |
| Borrego Community Health Foundation | Plaintiff(s) | ADVERSARY NO. 22-90056 |
| v. California Department of Health Care Services | Defendant(s) | Date of Hearing: October 6, 2022<br>Time of Hearing: 2:00 p.m.<br>Name of Judge: Honorable Laura S. Taylor |

<span style="color:red">**COURT MODIFIED**</span>

**ORDER ON**
**Emergency Motion to (I) Enforce the Automatic Stay or (II) Alternatively for Temporary Restraining Order**

The court orders as set forth on the continuation pages attached and numbered 2 through 2 with exhibits, if any, for a total of 2 pages. Motion/Application Docket Entry No. 3 .

//
//
//
//

DATED:   October 26, 2022

Judge, United States Bankruptcy Court

**CSD 3000A**

**CSD 3000A** [07/01/18]**(Page 2)**
ORDER ON Emergency Motion to (I) Enforce the Automatic Stay or (II) Alternatively for Temporary Restraining Order

DEBTOR: Borrego Community Health Foundation  CASE NO.: 22-02384
ADV. NO.: 22-90056

At the above referenced date, time and location, the Court held an emergency hearing on the Debtor's Emergency Motion to (I) Enforce the Automatic Stay or, Alternatively, (II) for Temporary Restraining Order (the "Emergency Motion") [Adv. Docket No. 3] filed by Borrego Community Health Foundation (capitalized terms not otherwise defined herein have the meanings ascribed to them in the Emergency Motion), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"). Having considered the Emergency Motion, the declarations and evidence in support of the Emergency Motion **or otherwise on the record in this proceeding,** any responses or replies to the Emergency Motion, and the arguments of counsel on the record; and the Court having found that the relief requested in the Emergency Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest and necessary to avoid immediate and irreparable harm; and the Court having found that the Debtor provided appropriate notice of the Emergency Motion and the opportunity for a hearing on the Emergency Motion under the circumstances, for the reasons set forth in the concurrently-issued Findings of Fact and Conclusions of Law (collectively, the "Findings"),

IT IS HEREBY ORDERED AS FOLLOWS:

1.   The Emergency Motion is granted in part, as set forth in the Court's Findings.

2.   The Court denies DHCS' motion to strike the entire declaration of the Patient Care Ombudsperson.

3.   The payment suspension imposed by the California Department of Health Care Services (the "Payment Suspension") violates the automatic stay imposed pursuant to Section 362(a) of the Bankruptcy Code.

4.   The Payment Suspension is not exempt from the automatic stay pursuant to Section 362(b)(4) of the Bankruptcy Code.

5.   Because the automatic stay applies to DHCS' Payment Suspension, it is not necessary to reach the merits of the Debtor's request for a Temporary Restraining Order.

6.   This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Emergency Motion or the interpretation or implementation of this Order.

IT IS SO ORDERED.

**CSD 3000A**

Signed by Judge Laura Stuart Taylor October 26, 2022

## Notice Recipients

District/Off: 0974–3　　　　　　User: Admin.　　　　　　Date Created: 10/26/2022
Case: 22–90056–LT　　　　　　　Form ID: pdfO10　　　　　Total: 1

**Recipients of Notice of Electronic Filing:**
aty　　　　Tania M. Moyron　　　　tania.moyron@dentons.com

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 1

EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | | | |
|---|---|---|---|
| In re: | BORREGO COMMUNITY HEALTH FOUNDATION, A CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORATION<br><br>Debtor. | BANKRUPTCY NO. 22-02384-LT11 | |
| | BORREGO COMMUNITY HEALTH FOUNDATION, A CALIFORNIA NONPROFIT PUBLIC<br><br>Plaintiff. | ADVERSARY NO. 22-90056-LT | |
| v. | CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, BY AND THROUGH ITS DIRECTOR, MICHELLE BAAS<br><br>Defendant. | Date of Hearing: October 6, 2022<br>Time of Hearing: 2:00 p.m.<br>Name of Judge: Laura S. Taylor | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: EMERGENCY MOTION TO (I) ENFORCE THE AUTOMATIC STAY OR (II) ALTERNATIVELY FOR TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through seven (7).

Related Motion/Order Docket Entry No. 3

DATED: October 26, 2022

Judge, United States Bankruptcy Court

Page 2 | FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: EMERGENCY MOTION TO (I) ENFORCE THE AUTOMATIC STAY OR (II) ALTERNATIVELY FOR TEMPORARY RESTRAINING ORDER

Debtor: BORREGO COMMUNITY HEALTH FOUNDATION     Bankruptcy No. 22-02384-LT11
BORREGO COMMUNITY HEALTH FOUNDATION v. CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES     Adversary No. 22-90056-LT

## Findings of Fact[1]

1. The Debtor filed its voluntary petition (the "Petition") under Chapter 11 of the Bankruptcy Code on September 12, 2022 (the "Petition Date"). The creditor matrix has approximately 6,000 creditors as of the Petition Date.

2. The Debtor has approximately 700 employees and is a nonprofit federally qualified health center ("FQHC") that provides health care services, including but not limited to primary care, urgent care, behavioral health, dental services, specialty care, transgender health, women's health, prenatal care, and veteran's health, to approximately 94,000 low income and rural patients (collectively, the "Patients") and approximately 386,000 patient visits in San Diego and Riverside Counties through a system of eighteen clinics, two pharmacies, and six mobile units. Bk. Dkt. No. 7 ¶ 9-10, 12, 14.

3. The Debtor specializes in providing care to underserved populations and aims to deliver high-quality, culturally- and linguistically-competent care, including care to specialized populations such as the LGBTQ and transgender communities. Bk. Dkt. No. 7 ¶ 13.

4. The California Department of Health Care Services ("DHCS") administers the California Medicaid Program, which is called "Medi-Cal." The Medi-Cal program is California's implementation of the federal Medicaid program, a joint federal and state program for rendering health care services to the needy and disabled under Title XIX of the Social Security Act. 42 U.S.C. §§ 1396, et seq.

5. On November 18, 2020, DHCS imposed a payment suspension as a result of an ongoing investigation of allegations of fraud in the Debtor's external contract dental services. Shortly thereafter, DHCS limited the suspension to dental claims only; this suspension remains in effect and the investigation into that fraud continues. The Debtor has ceased providing contract dental services in 2020, cooperated with civil and criminal investigations, replaced much of its leadership, and brought a lawsuit against former staff and contractors involved in the fraud. DHCS did not indicate any ongoing fraud as to any of Debtor's current services, only an ongoing investigation into the prior external dental services fraud.

---

[1] Neither party requested an evidentiary hearing; consequently, these factual findings are based on declaratory evidence from the adversary proceeding and main bankruptcy.

Page 3 | FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: EMERGENCY MOTION TO (I) ENFORCE THE AUTOMATIC STAY OR (II) ALTERNATIVELY FOR TEMPORARY RESTRAINING ORDER

Debtor: BORREGO COMMUNITY HEALTH FOUNDATION    Bankruptcy No. 22-02384-LT11
BORREGO COMMUNITY HEALTH FOUNDATION v. CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES    Adversary No. 22-90056-LT

6. On January 27, 2021, the Debtor and DHCS entered into a settlement agreement (the "Agreement"), wherein, among other things, DHCS required the Debtor to retain Berkeley Research Group as an independent monitor that reported to DHCS.

7. In May of 2022, the Debtor requested that the Department limit the payment suspension to contract dental claims only and lift the requirement to maintain the independent monitor.

8. Prior to the Petition Date, on August 19, 2022, DHCS notified the Debtor that it intended to impose a full suspension of Medi-Cal program payments to the Debtor (the "Payment Suspension"), for both medical and dental services, effective September 29, 2022. In its letter to the Debtor, DHCS cited several factors to justify the full payment suspension: (i) concerns about quality of care, patient grievances, referrals, compliance, and billing; (ii) failure to "fully" comply with the Agreement; and (iii) the continuation of the investigation for fraud. Dkt. No. 31, Exh. E. The letter states, "A payment suspension may be lifted when a resolution of an investigation for fraud or abuse occurs." *Id*. DHCS's letter did not in any way limit Debtor's continued provision of Debtor's Medi-Cal medical or dental services.

9. On or about August 19, 2022, DHCS notified the various managed care plans ("MCP") who had contracts with the Debtor for the Debtor to provide health care services to their members of its intention to suspend all Medi-Cal program payments to the Debtor effective September 29, 2022, and directed the MCP to provide plans for potential reassignment of their members. Dkt. No. 33, Exh. A. MCPs were not required to terminate their contracts with Debtor. Dkt. No. 33, Exhs. A, C. After the suspension date, health plans were explicitly permitted to adjudicate Debtor's claims for services provided to Medi-Cal members but were required to withhold payment.

10. Medi-Cal pays approximately 44% of the Debtor's revenue. Bk. Dkt. No. 7 ¶ 16. The Court reasonably concludes that the loss of such revenue would be catastrophic to Debtor's patient care and business operations. Much of Debtor's remaining revenue derives from federal grants.

11. Given the proposed Payment Suspension, the Debtor filed the Petition to obtain the protection of the automatic stay, to protect its patient population, and to explore all available restructuring options.

12. Post-petition, DHCS reiterated its intent to enforce the Payment Suspension effective September 29, 2022, despite notification from counsel for the Debtors of its position that the automatic stay applied to the suspension. DHCS had the authority to, but did not, suspend the Debtor from the Medi-Cal program for quality-of-care issues.

Signed by Judge Laura Stuart Taylor October 26, 2022

Page 4 | FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: EMERGENCY MOTION TO (I) ENFORCE THE AUTOMATIC STAY OR (II) ALTERNATIVELY FOR TEMPORARY RESTRAINING ORDER

Debtor: BORREGO COMMUNITY HEALTH FOUNDATION            Bankruptcy No. 22-02384-LT11
BORREGO COMMUNITY HEALTH FOUNDATION v. CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES            Adversary No. 22-90056-LT

13. On September 16, 2022, the Office of the United States Trustee appointed, pursuant to 11 U.S.C. § 333, Dr. Nathan Rubin as the Patient Care Ombudsperson (the "PCO"). Pursuant to § 333(b), the PCO is required to monitor patient care and report his findings as applicable to the Court as an advocate for the patients. The PCO is an independent party from the Debtor and DHCS.

14. The PCO visited the Debtor's facilities on multiple days during the last week of September 2022. The PCO reported on his findings in several declarations,[2] and stated, among other things, that: (i) the Debtor is currently serving its patients when no one else can; (ii) the Debtor's patients are well cared for; (iii) the Debtor's health care providers are dedicated and compassionate; (iv) the Debtor's clinics are state of the art and spotless; and (v) the consequences of a shut down or material drawback of services would be devastating to the communities served by the Debtor. Dkt. No. 20 ¶ 12. The PCO stated that he "witnessed the potential for serious, life-threatening deficiencies" as a result of MCPs' transfer of patients, and further that:

> DHCS' total disregard for the patients and the providers is shocking. I cannot discern why DHCS, no matter what kind of financial facts it believes exist, has taken actions that are causing health plans to move patients from an organization that is providing healthcare consistent with the standard of care and with no reasonable alternatives for the patients.

Id. at ¶¶ 10, 11.

15. On September 26, 2022, the Debtor commenced this Adversary Proceeding. On the same day, the Debtor filed its Emergency Motion: (I) To Enforce The Automatic Stay Pursuant To 11 U.S.C. § 362; or, Alternatively (II) For Temporary Restraining Order (the "Emergency Motion"), and sought (i) a ruling that the Payment Suspension violated the automatic stay imposed pursuant to 11 U.S.C. § 362 of the Bankruptcy Code, or, alternatively, (ii) issuance of a temporary restraining order enjoining the Payment Suspension under Rule 7065 of the Federal Rules of Bankruptcy Procedure. In support of the Emergency Motion, the Debtors filed multiple declarations evidencing the irreparable harm to the Debtor, the Debtor's estate, and its patients.

16. The Emergency Motion demonstrated a critical "emergency" given the evidence provided by the PCO that, among other things, DHCS' proposed Payment Suspension has potential to cause serious, life-threatening harm to patients, including pregnant patients and HIV/AIDS patients who need immediate and/or constant care. Many of

---

[2] The Court denied DHCS's motions to strike the PCO's declarations. While performing his duties under § 333(b), Dr. Rubin personally visited Debtor's facilities and conducted an investigation. Dkt. No. 20.

Page 5 | FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: EMERGENCY MOTION TO (I) ENFORCE THE AUTOMATIC STAY OR (II) ALTERNATIVELY FOR TEMPORARY RESTRAINING ORDER

Debtor: BORREGO COMMUNITY HEALTH FOUNDATION       Bankruptcy No. 22-02384-LT11
BORREGO COMMUNITY HEALTH FOUNDATION v. CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES       Adversary No. 22-90056-LT

Debtor's patients have no reasonable alternative for care, risking "debility, deterioration in quality of life, worsening of otherwise controlled comorbid conditions and death without access to the Debtor's services."

17. On October 3, 2022, DHCS filed its opposition to the Emergency Motion (the "Opposition"), which Opposition asserted that the Payment Suspension was based on: (i) patient-care deficiencies; (ii) improper billing practices; (iii) a breach of the Agreement, and (iv) the fraud investigation.

18. On October 4, 2022, the Debtor filed its reply to the Opposition and a declaration in support thereof, including specific evidence to counter the alleged patient care deficiencies.

## Conclusions of Law

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2) and 1334(b).

2. The evidence in the record establishes that the circumstances required an emergency hearing on the Emergency Motion given that the Payment Suspension would have a detrimental impact and cause irreparable harm to the Debtor and its patients, employees, and creditors.

3. The Debtor was not required to exhaust administrative remedies before seeking the relief in the Emergency Motion before this Court.

4. The Payment Suspension relates to payments that are property of the estate, pursuant to 11 U.S.C. § 541, for post-petition services rendered.

5. Section 362(a)(1) applies to the intended Payment Suspension in that it is the continuation of a prepetition administrative action intended to recover a claim that arose prepetition.

6. Section 362(a)(3) applies to the intended Payment Suspension in that it is an act to exercise control over property of the Debtor's estate.

7. Section 362(a)(6) likely applies to the Payment Suspension in that it is an act to collect, assess, or recover a prepetition claim from the Debtor.

8. The Payment Suspension is not exempt from the automatic stay, pursuant to 11 U.S.C. § 362(b)(4), under the "pecuniary purpose" test because the Payment Suspension (i) is intended to protect DHCS's pecuniary interest and is not related to

Signed by Judge Laura Stuart Taylor October 26, 2022

Case 22-90056-LT   Filed 11/02/22   Entered 11/02/22 18:30:54   Doc 65   Pg 13 of 16

Page 6 | FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: EMERGENCY MOTION TO (I) ENFORCE THE AUTOMATIC STAY OR (II) ALTERNATIVELY FOR TEMPORARY RESTRAINING ORDER

Debtor: BORREGO COMMUNITY HEALTH FOUNDATION                    Bankruptcy No. 22-02384-LT11
BORREGO COMMUNITY HEALTH FOUNDATION v. CALIFORNIA DEPARTMENT OF HEALTH
CARE SERVICES                                                              Adversary No. 22-90056-LT

matters of public safety or health, and (ii) would allow DHCS to obtain an advantage over other creditors.

9. The Payment Suspension is not exempt from the automatic stay, pursuant to 11 U.S.C. § 362(b)(4), under the "public purpose" test because (i) the Payment Suspension is intended to effectuate DHCS's private rights rather than effectuate public policy, and (ii) DHCS' pursuit of its alleged breach of contract claim under the Agreement does not serve a public purpose.

10. There is no evidence in the record that DHCS is supporting a public interest rather than its own financial interest. DHCS's conclusory claims otherwise are illusory and pretextual.

11. DHCS's Payment Suspension sought to implement cessation of payments but did not limit the Debtor's continued provision of services—rather, the Debtor must continue to provide services until terminated by a health plan. Meanwhile, MCPs cannot terminate their contracts with Debtor without relief from stay. Refusing to pay for properly performed post-petition work thus represents an attempt to control assets of the estate to the detriment of all creditors and stake-holders other than the Department.

12. On the other hand, the record extensively documents risks to the public if the DHCS's financial interest leaves patients without care. The statements of public support for Debtor's continued operation are voluminous and compelling.

13. The record establishes that the Debtor provides adequate patient care, at a minimum, and that its patient services in the Communities are important and irreplaceable.

14. DHCS failed to provide evidence that the Debtor's alleged care deficiencies rendered Debtor's care below a reasonable standard of care in the industry. DHCS provided statistics relating to Debtor's "Third Next Available Appointment" time, patient referrals, patient-ended phone calls, and patient grievances but failed to compare them to acceptable standards. Dkt. No. 31. DHCS provided no evidence of the content of the grievances.

15. Debtor, meanwhile, supplied evidence in response to DHCS's claims that its performance is reasonable. For example, Debtor provided evidence that the 584 patient grievances cited by DHCS arose from 213,000 patient encounters for a .27% grievance rate per encounter. Debtor also provided evidence that the vast majority of next available appointments are the same-day and second next available appointments are days later. Debtor also provided evidence that the referral wait times and closures

Case 22-90056-LT Filed 10/26/22 Entered 10/26/22 18:30:54 Doc 5 Pg 14 of 16

Page 7 | FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: EMERGENCY MOTION TO (I) ENFORCE THE AUTOMATIC STAY OR (II) ALTERNATIVELY FOR TEMPORARY RESTRAINING ORDER

Debtor: BORREGO COMMUNITY HEALTH FOUNDATION    Bankruptcy No. 22-02384-LT11
BORREGO COMMUNITY HEALTH FOUNDATION v. CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES                                     Adversary No. 22-90056-LT

depend on external specialists and/or health plans, not on Debtor. Based on Debtor's evidence and DCHS's lack of evidence, the Court reasonably concludes these alleged standard of care concerns are pretextual.

16. Breaches of the Agreement do not permit application of § 362(b)(4). Moreover, the alleged Agreement breaches relate to a business plan, employee time entries, and provision of board meeting records—matters that do not indicate a public purpose.

17. DHCS provided no evidence of currently existing fraud, but rather cited the ongoing investigation into the prior fraud to justify the Payment Suspension. As described above, Debtor took affirmative steps to ensure the prior fraud did not continue, including eliminating the contract dental program and removing individuals involved.

18. Consequently, DHCS does not satisfy either the pecuniary interest or public purpose tests, and, thus, 11 U.S.C. § 362(b)(4) does not apply, and the stay bars DHCS's proposed Payment Suspension.

Signed by Judge Laura Stuart Taylor October 26, 2022

# Notice Recipients

District/Off: 0974–3        User: Admin.        Date Created: 10/26/2022
Case: 22–90056–LT        Form ID: pdfO1        Total: 5

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| aty | Bernard M. Hansen | bernardmhansen@sbcglobal.net |
| aty | Kenneth K. Wang | kenneth.wang@doj.ca.gov |
| aty | Tania M. Moyron | tania.moyron@dentons.com |
| aty | Teddy Kapur | tkapur@pszjlaw.com;jpomerantz@pszjlaw.com;sgolden@pszjlaw.com |

TOTAL: 4

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
pla      BORREGO COMMUNITY HEALTH FOUNDATION,      587 Palm Canyon Dr.      Suite 208      Borrego Springs, CA 92004

TOTAL: 1

**DECLARATION OF SERVICE BY E-MAIL**

Case Name: **Borrego Community Health Foundation v. California Department of Health Care Services**
Case No.: 22-90056

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is:300 South Spring Street, Suite 1702, Los Angeles, CA 90013.

On November 7, 2022, I served the attached by transmitting a true copy via electronic mail.

**NOTICE OF APPEAL AND STATEMENT OF ELECTION AND ATTACHMENTS**

I transmitted the above-referenced document via electronic mail to:

Samuel R. Maizel, attorney for the Plaintiff Borrego Community Health Foundation at Samuel.maizel@dentons.com;

Tania M. Moyron, attorney for Plaintiff Borrego Community Health Foundation at tania.moyron@dentons.com;

David Ortiz, Esq., at the Office of the United States Trustee at david.a.ortiz@usdoj.gov;

Region 15 of the Office of the United States Trustee at ustp.region15@usdoj.gov;

Steven Golden, Esq. attorney for the Unsecured Creditors Committee at sgolden@pszjlaw.com; and

Bernard Hansen, Esq. at bernardmhansen@sbcglobal.net, attorney for Premier Healthcare.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 7, 2022, at Los Angeles, California.

|  Kenneth K. Wang  |  /s/ Kenneth K. Wang  |
|:---:|:---:|
| Declarant | Signature |